JUSTICE McDONOUGH
delivered the Opinion of the Court.
Don Edgar Burris appeals from the judgment of the Workers’ Compensation Court which held that the Department of Labor and Industry had authority to regulate attorney fees and that Burris did not show any injury under his constitutional claims. We affirm.
The issues on appeal are whether the Department of Labor and Industry has the authority to regulate attorney fees under § 39-71-613, MCA (1987), and whether § 39-71-613, MCA (1987), is unconstitutional.
Attorney Don Edgar Burris entered into attorney retainer agreements with respect to three separate clients between July 17, 1989 and January 31, 1990. All three agreements provided that Burris be retained on a contingency fee basis. Burris submitted the attorney retainer forms provided by the Department of Labor and Industry to the Employment Relations Division (ERD) as required by the statute. However, he included 8m attachment titled, “Attorneys Fee Contract RE: Workers’ Compensation.” The contract provided fees of $250.00 per hour or a contingency of twenty-five percent for cases that do not go before the Workers’ Compensation Court, or thirty-three and one-third percent for cases that go before the Workers’ Compensation Court. The fees provided in Burris’ attached contract were higher than those allowed by law. The ERD subsequently denied the approval of the attorney retainer forms.
Burris appealed ERD’s decision and a hearing followed which resulted in affirmance of ERD’s decision. Burris next appealed to the Workers’ Compensation Court. The Workers’ Compensation Court affirmed the decision of the Hearings Bureau of the Department of Labor and Industry (the Department). This appeal follows.
*378 Whether attorney fees can be regulated is controlled by statute and therefore is a question of law. The standard of review utilized by this Court when reviewing decisions of the Workers’ Compensation Court is:
When an issue raises only questions of law, this court is free to reach its own conclusions ... Doig v. State Comp. Ins. Fund (1991), 248 Mont. 50, 61, 809 P.2d 12, 13, citing Solheim v. Tom Davis Ranch (1984), 208 Mont. 265, 272, 677 P.2d 1034, 1037-1038. In reviewing conclusions of law we will determine if the lower court’s or agency’s interpretation of the law is correct. See also Steer, Inc. v. Dept. of Revenue, (1990), 245 Mont. 470, 803 P.2d 601, 603.
The Workers’ Compensation Court found that § 39-71-613, MCA, granted the Department authority to require an attorney to submit a contract of employment, on a form provided by the Department, stating the terms of the fee agreement. The court further found that the Department had authority to regulate attorney fees in any workers’ compensation case.
Section 39-71-613, MCA (1987), provides:
(1) When an attorney represents or acts on behalf of a claimant or any other party on any workers’ compensation claim, the attorney shall submit to the department a contract of employment, on a form provided by the department, stating specifically the terms of the fee arrangement between the attorney and the claimant.
(2) The administrator of the division [now the Department of Labor and Industry] shall regulate the amount of the attorney’s fee in any workers’ compensation case. In regulating the amount of the fee, the department shall consider:
(a) the benefits the claimant gained due to the efforts of the attorney;
(b) the time the attorney was required to spend on the case;
(c) the complexity of the case; and
(d) any other relevant matter the department may consider appropriate.
(3) If an attorney violates a provision of this section, a rule adopted under this section, or an order fixing an attorney's fee under this section, he shall forfeit the right to any fee which he may have collected or been entitled to collect. (Emphasis added.)
The Workers’ Compensation Judge relied on our decision in Wight v. Hughes Livestock Company, Inc. (1983), 204 Mont. 98, 664 P.2d 303, *379 in its determination that the Department had the authority to regulate attorney fees. There we said:
The concern of the legislature, the spirit of the Workers’ Compensation law are one and the same: that the cost of repairing a worker’s injuries or replacing his lost earning capacity shall be the burden of the industry, and not that of the injured worker. It is from that viewpoint that the Workers’ Compensation Court or Division should determine the reasonableness of attorneys fees and exercise discretion in regulating the same.
Wight at 108, 109, 664 P.2d at 309.
We hold that the Workers’ Compensation Court is correct in its application of the law.
The more difficult issue is whether § 39-71-613, MCA, denies due process of law and equal protection of the law. Specifically, Burris argues that his constitutional rights are being violated because the Department regulates the fees of only claimants’ attorneys and not defense attorneys, impairing his right to contract. This, he argues, is in contravention of the statute which provides, “When an attorney represents or acts on behalf of a claimant or any other party ...” (Emphasis added.) Burris argues that the statute is unambiguous. He maintains the statute needs no interpretation, that “any other party” means defense attorneys.
The Workers’ Compensation Court found that Burris did not set forth a factual or legal analysis to support his constitutional claims, nor did he show any injury resulting from the legislation regulating attorney fees. We agree.
Burris first argues he was denied due process. When a due process claim is involved, the initial question is whether due process is required and if so, how much? The Supreme Court has stated, ‘When protected interests are implicated, the right to some kind of prior hearing is paramount.” Board of Regents v. Roth (1971), 408 U.S. 564, 569-570. Burris was given a hearing by the Department, by the Workers’ Compensation Court and now by this Court. Thus, Burris received due process.
Burris also argues that the Department’s regulation of claimant’s attorneys and not defense attorneys in workers’ compensation cases violates equal protection. Suffice to say that there is no suspect class involved, nor is a fundamental right involved. Thus the strict scrutiny test does not apply.
*380 Nor do these issues fall under the middle tiered analysis. This Court has employed the middle tiered analysis in cases involving the constitutionally protected interests of education and welfare. Meech v. Hillhaven West, Inc. (1989), 238 Mont. 21, 45, 776 P.2d 488, 502.
The question is whether the statute and its application is rationally related to a legitimate government interest. Meech at 45,776 P.2d at 502. Section 39-71-105, MCA (1987), declares the public policy behind the workers’ compensation law:
(1) It is an objective of the Montana workers’ compensation system to provide, without regard to fault, wage supplement and medical benefits to a worker suffering from a work-related injury or disease. Wage-loss benefits are not intended to make an injured worker whole; they are intended to assist a worker at a reasonable cost to the employer. Within that limitation, the wage-loss benefit should bear a reasonable relationship to actual wages lost as a result of a work-related injury or disease.
(2) A worker’s removal from the work force due to a work-related injury or disease has a negative impact on the worker, the worker’s family, the employer, and the general public. Therefore, it is an objective of the workers’ compensation system to return a worker to work as soon as possible after the worker has suffered work-related injury or disease.
We hold that § 39-71-613, MCA, and the Department’s application of the statute to a claimant’s attorney’s fee is rationally related to the government’s legitimate interest in protecting the claimant’s net benefits in workers’ compensation cases. The Act is essentially for the protection of the injured worker and his dependents, and protection from impaired fee agreements is rationally related thereto, regardless of any interpretation or implementation by the Department of the words “any other party.”
For the foregoing reasons, the judgment of the Workers’ Compensation Court is affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON, WEBER and GRAY concur.