No. 90-171

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA and
CITY OF BELGRADE,

     Plaintiffs and Respondents,

v.

DOUGLAS A. HEGEMAN,

     Defendant and Appellant.

FILED

APR -2 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Jeff Renz, Esq., Billings, Montana
          Eula Compton, Esq., Bozeman, Montana

     For Respondent:

          Hon. Marc Racicot, Attorney General; Kathy Seeley,
          Assistant Attorney General, Helena, Montana

          William Schreiber, Esq., Belgrade, Montana

Submitted on Briefs: February 28, 1991

Decided: April 2, 1991

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Douglas A. Hegeman appeals his convictions and sentences of failing to display a motor vehicle registration on demand, disorderly conduct, and obstructing a police officer, following a bench trial in the Eighteenth Judicial District, Gallatin County. We reverse and remand.

Mr. Hegeman raises the following issues:

1.  Did the District Court lack jurisdiction over this case by reason of the city court's failure to enter sentence and judgment against Mr. Hegeman?

2.  Did the District Court err when it denied Mr. Hegeman's right to a jury trial because Mr. Hegeman failed to demand a jury trial in his notice of appeal, in violation of an unpublished court rule?

3.  Was Mr. Hegeman charged and convicted of disorderly conduct for engaging in speech and gestures that are protected under the Montana and United States Constitutions?

4.  Is § 45-7-302(1), MCA, on its face, unconstitutionally vague and overbroad, or is this statute unconstitutionally overbroad as it was applied to Mr. Hegeman?

On October 2, 1989, Belgrade City Police Officer John Woodland observed and stopped a vehicle that did not have a 1990 renewal sticker on its front license plate. Upon stopping the vehicle, the vehicle's driver, later identified as Douglas Hegeman, loudly and

2

vigorously challenged Officer Woodland's authority to make the stop, claiming that the officer did not have probable cause.

Officer Woodland repeatedly requested Mr. Hegeman to produce his motor vehicle registration, his driver's license, and his proof of insurance. Mr. Hegeman, however, repeatedly refused to provide Officer Woodland with the requested documentation. Furthermore, Mr. Hegeman exhibited an aggressive and abusive behavior toward Officer Woodland through a display of verbal intimidation and threatening arm gestures. Accordingly, Officer Woodland mentally reviewed possible defensive actions he could employ to defend himself.

After several minutes of this continued behavior, Officer Woodland repeatedly requested Mr. Hegeman to exit his vehicle. Mr. Hegeman repeatedly refused Officer Woodland's requests. Mr. Hegeman finally exited his vehicle when Officer Woodland assured him that he would not be physically harmed.

Following his departure from his vehicle, Officer Woodland once again requested Mr. Hegeman to produce his motor vehicle registration, his driver's license, and his proof of insurance. Mr. Hegeman responded that he did not know where his driver's license was, but produced several documents from his vehicle's glove compartment one of which was his motor vehicle registration. Attached to his motor vehicle registration was the 1990 renewal sticker, which should have been on the vehicle's front license

3

plate. At a later time, Mr. Hegeman produced his driver's license and proof of insurance. Officer Woodman then inquired if Mr. Hegeman was in fact Douglas A. Hegeman; Mr. Hegeman did not respond. Officer Woodman then informed Mr. Hegeman that he was under arrest for disorderly conduct and effected the arrest.

On November 28, 1989, Mr. Hegeman, appearing pro se, was convicted of failing to display a motor vehicle registration on demand, disorderly conduct, and obstructing a police officer following a jury trial in city court. Immediately after the jury rendered its verdict, Mr. Hegeman filed a notice of appeal. Mr. Hegeman included a claim in his notice of appeal that "Until a decision is rendered by the District Court, the City of Belgrade is further barred from action toward the defendant pursuant to [§] 46-20-204(3)[,] [MCA]." The city court thereafter noted: "Request to continue sentencing until after appeal--approved."

On February 9, 1990, Mr. Hegeman, again appearing pro se, was tried de novo at a bench trial before the District Court, and was again convicted of the charges. Mr. Hegeman received the following sentences: a $25.00 fine plus a $10.00 misdemeanor fee for failure to exhibit his motor vehicle registration when requested; two days in jail, a $100.00 fine, and a $10.00 misdemeanor fee for disorderly conduct; and thirty days in jail, a $300.00 fine, and a $10.00 misdemeanor fee for obstructing a peace officer. These sentences have been stayed pending this appeal by Mr. Hegeman.

4

1.  Did the District Court lack jurisdiction over this case by reason of the city court's failure to enter sentence and judgment against Mr. Hegeman?

Mr. Hegeman argues that because the Belgrade City Court never imposed sentence, or entered judgment against him, the District Court never obtained jurisdiction of Mr. Hegeman's case. We agree.

A district court may have concurrent original jurisdiction or appellate jurisdiction over criminal matters involving misdemeanors. See Mont. Const., Art. VII, § 4 (jurisdiction of district courts); §§ 3-5-301 to -303, MCA (original jurisdiction and appellate jurisdiction of district courts). In particular, § 3-5-302(2), MCA, provides:

> The district court has concurrent original jurisdiction with the justice's court in the following criminal cases amounting to misdemeanor:
>
> (a) misdemeanors arising at the same time as and out of the same transaction as a felony or misdemeanor offense charged in district court;
>
> (b) misdemeanors resulting from the reduction of a felony or misdemeanor offense charged in the district court; and
>
> (c) misdemeanors resulting from a finding of a lesser included offense in a felony or misdemeanor case tried in district court.

Except in these identified instances, a district court is limited to appellate jurisdiction of misdemeanor cases. Mont. Const. Art. VII, § 4; §§ 3-5-301 to -303, MCA. However, imposition of sentence

5

and final judgment by a justice or city court are a prerequisite to appeal to a district court. See §§ 46-17-311(2), 46-20-104(1), MCA. Furthermore, a party may not consent to subject matter jurisdiction nor waive the want of jurisdiction. State v. Akers (1938), 106 Mont. 43, 57, 74 P.2d 1138, 1145.

Clearly, this case was not within the District Court's original jurisdiction as it does not fall into any of the identified instances under § 3-5-302(2), MCA. And, this case was not within the District Court's appellate jurisdiction because the city court failed to impose sentence and enter a final judgment against Mr. Hegeman. We therefore hold that the District Court lacked subject matter jurisdiction. Accordingly, we reverse the District Court's sentence and judgment and instruct the District Court to remand this case to the Belgrade City Court for imposition of sentence and final judgment. Because we find reversible error in this first issue, we decline to discuss the other three issues raised by Mr. Hegeman in this appeal.

Reversed and remanded.

_____
Chief Justice

We concur:

_John Conway Harrison_

_William E Hunt Sr_

_R. C. McDonough_

_Tom Trieweiler_
Justices