NO.   91-265

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

VIRGINIA POLLOCK WILSON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Randy S. Laedeke, Laedeke Law Office,
Billings, Montana

      For Respondent:

          Hon. Marc Racicot, Montana Attorney General,
George Schunk, Assistant Attorney General,
Helena, Montana; Dennis Paxinos, Yellowstone
County Attorney, Billings, Montana

Submitted on Briefs:  December **12, 1991**

Decided:  March 19, 1992

Filed:

FILED

MAR 1 9 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant Virginia Pollock Wilson appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, granting the State's motion to dismiss for lack of subject matter jurisdiction and remanding the case back to Justice Court for sentencing and final judgment. We affirm.

Defendant raises two issues for this Court to consider.

1. Whether the District Court had subject matter jurisdiction over a D.U.I. case when the notice of appeal was filed prior to the Justice Court rendering sentencing and final judgment.

**2.** Whether the District Court erred when it dismissed defendant's case and remanded it back to Justice court for sentencing without allowing defendant the opportunity to respond to the State's motion to dismiss as provided by Rule **2** of the Uniform District Court Rules and Rule **6,** M.R.Civ.P.

On October 9, 1990, defendant was charged with driving a motor vehicle while under the influence of alcohol, third offense, pursuant to § **61-8-401,** MCA **(1989),** and driving while privilege to do so is suspended or revoked pursuant to § **61-5-212,** MCA **(1989).**

On February 5, 1991, defendant was tried without a jury in Justice Court. At the conclusion of trial, the Justice of the Peace orally pronounced defendant guilty of the charges and ordered defendant to obtain an alcohol evaluation at her own expense and return for sentencing on February **26,** 1991. On February 7, 1991,

the Justice Court issued a written order and mailed it to the respective parties.

On February 11, **1991,** defendant filed a notice of appeal to the Thirteenth Judicial District Court and the case was transferred to District Court on March 11, **1991.** On March **28, 1991,** the State filed a motion to dismiss on the basis that the appeal was premature because defendant had not been sentenced in Justice Court. On April 1, **1991,** the District Court dismissed and remanded the case back to Justice Court for sentencing before defendant had an opportunity to respond with a brief. Defendant appeals from the order.

## I

The first issue is whether the District Court had subject matter jurisdiction over a D.U.I. case when the notice of appeal was filed prior to the Justice Court rendering sentencing and final judgment.

Defendant contends that the appeal was improperly dismissed because notice of appeal was properly filed within the time parameters set by § **46-17-311(2),** MCA **(1989).** Defendant argues that if she waited **21** days after the Justice Court orally pronounced her guilty she would have run the risk of being time barred from appealing.

Section **46-17-311,** MCA **(1989),** provides that **a** party who appeals from Justice Court to District Court must give written notice of its intention to appeal within ten days after judgment.

In State v. Mortenson (1978), 175 Mont. 403, 404, 574 P.2d 581, 582, we held that "the statutory ten day period for filing a notice of appeal runs from the date of oral pronouncement of judgment in open court." We have held that a prerequisite for an appeal from Justice Court to District Court is the imposition of sentence and final judgment. State v. Hegeman (1991), 248 Mont. 49, 52, 808 P.2d 509, 511. Section 46-1-201(5), MCA (1989), defines judgment as meaning "an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court."

Final judgment in this case had not been rendered. The Justice Court orally pronounced defendant guilty and ordered her to obtain an alcohol evaluation at her own expense. The Justice Court allowed her 21 days to obtain the evaluation before sentencing the defendant. Defendant filed notice of appeal prior to sentencing and final judgment by the Justice Court. An appeal cannot be utilized by the defendant until judgment has been fully rendered. This includes the conviction and sentencing of the defendant by the Justice Court. We agree with the District Judge that the District Court lacked subject matter jurisdiction in this case.

## II

The second issue is whether the District Court erred when it dismissed defendant's case and remanded it back to Justice Court for sentencing without allowing defendant the opportunity to

4

respond to the State's motion to dismiss as provided by Rule **2** of the Uniform District Court Rules and Rule **6,** M.R.Civ.P.

Defendant argues that the District Court lacked authority to remand the case to Justice Court pursuant to our holding in City of Hardin v. Myers **(1981), 194** Mont. **248, 249, 633** P.2d **677, 678,** and that defense counsel did not have an opportunity to file an opposition brief to the State's motion to dismiss. We stress the point that the District Court lacked subject matter jurisdiction to even hear this case because the Justice Court had not rendered sentencing and final judgment upon the defendant. We hold that under the facts and circumstances of this case the District Court properly dismissed and remanded the case to Justice Court for sentencing.

We affirm.

_____
Justice

We concur:

_____
_____
_____
Justices

March 19, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Randy S. Laedeke
Laedeke Law Office
P.O. Box 2216
Billings, MT  59103

Hon. Marc Racicot, Attorney General

Justice Bldg.
Helena, MT  56920

Dennis Paxinos, County Attorney
Marcia Good Sept, Deputy
P.O. Box 35025
Billings, MT  59107

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy