NO.   93-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993


STATE OF MONTANA,

        Plaintiff and Appellant,

    -vs-

GARY LEE BARKER,

        Defendant and Respondent.


APPEAL FROM:  District Court  of  the  Twenty-first  Judicial  District,
              In and for the County of Ravalli,
              The  Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            George H. Corn, Ravalli  County  Attorney,  Gerald  D.
            Williams, Deputy Ravalli  County  Attorney,  Hamilton,
            Montana


        For Respondent:

            David E. Stenerson, Attorney at Law, Hamilton
            Montana


FILED

AUG 24 1993

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:  July 20, 1993

Decided:  August 24, 1993

Chief Justice J.A. **Turnage** delivered the Opinion of the Court.

The District Court for the Twenty-First Judicial District, Ravalli County, vacated a justice court's ruling which found appellant Barker guilty of reckless driving, on the grounds that the defendant had not been charged with reckless driving. The District Court further held that any retrial for the offense of driving under the influence of alcohol would violate defendant's constitutional protection against double jeopardy. The State appeals. We affirm.

The issues are:

1. Does a district court have authority to vacate a justice court decision when the prosecution charged the defendant with driving under the influence of alcohol, and the justice court found the defendant guilty of reckless driving?

2. Does a district court have authority to dismiss an appeal from a justice court decision on the grounds that the appellate issues are barred by the defendant's Fifth Amendment protection against double jeopardy?

Following a February 8, 1992 accident on Highway 93 near the Rustic Hut Bar in Florence, Montana, Ravalli County Sheriff's officers arrested Gary Lee Barker and subsequently charged him with driving under the influence of alcohol, in violation of § 61-8-401, MCA, and operating a motor vehicle without seatbelts in use, in violation of § 61-13-103, MCA. Barker entered pleas of not guilty to both charges and waived his right to a jury trial.

2

The Ravalli county Justice of the Peace found Barker guilty of the **seatbelt** violation and guilty of reckless driving, in violation of § 61-g-301, MCA. In finding the reckless driving violation, the Justice Court reasoned that reckless driving is a lesser included offense of driving under the influence of alcohol.

The Justice Court denied Barker's motion to set aside the judgment, and sentenced Barker accordingly. Upon Barker's motion, the sentence imposed for reckless driving was stayed pending appeal to the District Court. Barker paid a fine for the **seatbelt** violation, and does not further challenge that charge.

Barker appealed to the District Court and then filed a motion to dismiss the case. He argued that reckless driving is not a lesser included offense of driving under the influence of alcohol, and that a retrial on the original driving under the influence of alcohol charge is barred by the double jeopardy protection provided under the Fifth Amendment of the United States Constitution. The State argued that unless Barker pleaded guilty under the provisions of § 46-12-204, MCA (plea alternatives), the District Court must hold a trial de novo on the all the issues.

The District Court vacated the reckless driving charge: dismissed the driving under the influence of alcohol complaint with prejudice: and affirmed the **seatbelt** violation.

I

Does a district court have authority to vacate a justice court decision when the prosecution charged the defendant with driving under the influence, and the justice court found the defendant

3

guilty of reckless driving?

Our standard of review relating to conclusions of law is to determine whether the tribunal's interpretation of the law is correct. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

Criminal justice in Montana is subject to the mandates of the United States Constitution, the Montana Constitution, and statutory law. The Sixth Amendment of the United States Constitution guarantees accused defendants the right to be informed of the nature and cause of the accusation. The Montana Constitution, Article II, Section 24, similarly provides that an accused shall have the right to demand the nature and cause of the accusation. Section 46-11-401, MCA, provides:

> The charge must be a plain, concise, and definite statement of the offense charged, including the name of the offense, whether the offense is a misdemeanor or felony, the name of the person charged, and the time and place of the offense as definitely as can be determined. The charge must state for each count the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

The charge of driving under the influence of alcohol required proof that the defendant had physical control of a vehicle while under the influence of an intoxicating substance. Section 61-8-401, MCA. A reckless driving charge requires proof that the defendant operated a vehicle in willful or wanton disregard for the safety of persons and property. Section 61-8-301, MCA. Clearly the two charges are inapposite: reckless driving is not a lesser included offense of driving under the influence of alcohol. Cf. §

4

46-11-410, MCA (when same transaction establishes multiple offenses, multiple charges are possible) and State v. Ritchson (1981), 193 Mont. 112, 630 P.2d 234 (possible to charge and convict defendant of multiple offenses when each offense requires at least one separate element which distinguishes it from other charged offenses).

By convicting Barker of reckless driving when the State did not charge him with that offense, the Justice Court violated Barker's constitutional right to due process of law. See U.S. Const. amend. XIV; Art. II, § 17, Mont.Const. The finding of guilt should be set aside as Barker did not have notice of the nature and cause of the offense. See State v. Copenhaver (1907), 35 Mont. 342, 89 P. 61 (judgment reversed on appeal after defendant was charged with one crime and erroneously convicted of another).

After reviewing the record we conclude that the Justice Court was in error when it convicted Barker of reckless driving. "It is elementary that a party cannot be charged with one offense and convicted of another independent offense." State v. Seiff (1917), 54 Mont. 165, 168, 168 P. 524, 524. We therefore affirm the District Court's order vacating the reckless driving charge.

II

Does a district court have authority to dismiss an appeal on the grounds that the charges are protected by the defendant's Fifth Amendment protection against double jeopardy?

The burden of proof for overturning the District Court decision is on the State, as the appellant. Whether to grant or

5

deny a motion to dismiss at the close of the State's case is within the sound discretion of the trial court and will not be disturbed unless an abuse of that discretion is shown.   State v. Laster (1986), 223 Mont. 152, 159-60, 724 P.2d 721, 726. As was stated in Laster, "[i]n this case with regard to the dismissal of the cause on grounds of double jeopardy, we adopt the usual standard that the State has the burden to show abuse of discretion by the District Court."  Laster, 724 P.2d at 726.

The State argues that the District Court must hear the appeal from the Justice Court, as provided by the Montana Constitution and statutory law.  Barker argues that a subsequent trial for driving under the influence is barred by the constitutional protection against double jeopardy.

The State refers to the Montana Constitution, Article VII, Section 4(2), which states "[t]he district court shall hear appeals from inferior courts as trials anew unless otherwise provided by law."  Construing that provision, the District Court especially noted the "unless otherwise provided by law" language. Additionally, the court referred to § 3-5-303, MCA, which provides for district court appellate jurisdiction over justice court decisions "as may be prescribed by law and consistent with the constitution."

The court then reviewed the constitutional double jeopardy protection provided to all criminal defendants:

> The Double Jeopardy clauses of the U.S. and the Montana constitutions provide that no person shall be "twice put in jeopardy" for the "same offense."  U.S. Constitution,

6

> Fifth Amendment, Montana Constitution, Article II, Section 25. Since __Benton v. Maryland__, 395 U.S. 784 **(1969),** the Double Jeopardy clause of the Fifth Amendment applies to the states via the Fourteenth Amendment as a "fundamental right." In **this** bench trial case, j'eopardy attached when the first State's witness was sworn by the Justice of the Peace. **[See]** __Crist v. Bretz__, 437 U.S. 28 (1978). Once jeopardy attached, any retrial for the same offense presents potential Double Jeopardy difficulties.

While it is true that a defendant's statutory remedy for appealing a justice court decision is a trial de novo in district court, it is also true that the constitutional protection against double jeopardy forbids a retrial on charges of which a defendant has been acquitted before a competent court which had authority and jurisdiction to try the offense. Section 46-17-311, MCA; Art. II, § 25, Mont.Const. **("No** person shall be again put in jeopardy for the same offense previously tried in any jurisdiction") (emphasis added).

The Justice Court is a court of competent jurisdiction. Art. VII, § 5, Mont.Const.; § 46-2-202, MCA; § 3-10-303, MCA. Jeopardy attached when the State swore in its first witness in the Justice Court. See Crist v. Bretz **(1978),** 437 U.S. 28, 98 **S.Ct.** 2156, **57** **L.Ed.2d** 376. When the Justice Court first tried Barker for driving under the influence of alcohol it instead found him guilty of reckless driving, necessarily implying that there was insufficient evidence to convict Barker of driving under the influence of alcohol as a matter of law. Section 46-11-503(a), MCA ("There is an acquittal whenever . . . there is insufficient evidence to warrant a conviction"); see also Green v. United States **(1957),** 355 U.S. 184, 78 S.Ct. 221, 2 **L.Ed.2d** 199 (defendant's jeopardy for

7

first degree murder came to an end when the jury found him guilty of second degree murder).

Barker appealed the reckless driving conviction. The right to appeal a justice court decision is purely statutory. State v. Speith (1990), 244 Mont. 392, 394, 797 P.2d 221, 222, citing State v. Hartford (1987), 228 Mont. 254, 256, 741 P.2d 1337, 1338. A defendant may appeal a justice court decision to the district court, § 46-17-311, MCA: the prosecution may only appeal a justice court decision as provided under § 46-20-103, MCA. State v. Kesler (1987), 228 Mont. 242, 245, 741 P.2d 791, 793.

We have previously stated that a defendant's exclusive remedy for a conviction in justice court is an appeal to the district court for trial de novo. Kesler, 741 P.2d at 793; Adair v. Lake County Justice Court (1984), 213 Mont. 466, 692 P.2d 13 (Supreme Court does not have appellate jurisdiction to review orders of the justice court: appeal to district court for trial de novo is defendant's exclusive remedy). This is the general rule for defendants appealing convictions from justice court. The purpose for a trial de novo is to provide defendant with a competent remedy in a court of record.

An exception to the general rule exists, however, where a defendant appeals a conviction for which he or she was not charged. Barker was not charged with reckless driving; he was charged, and acquitted, of driving under the influence of alcohol. When the District Court was faced with the untenable position of trying Barker again for driving under the influence of alcohol, it

8

correctly held that to do so would violate Barker's constitutional protection against double jeopardy. U.S. Const. amends. X, XIV: Art. II, § 25, Mont.Const.; § 46-11-504, MCA (former prosecution bars subsequent prosecution in a different jurisdiction if the first prosecution resulted in an acquittal or a conviction, and the subsequent proceeding is based on the same offense or transaction). By appealing the reckless driving conviction, Barker did not waive his constitutional protection against double jeopardy for the charge of driving under the influence of alcohol.

The same-elements or Blockburger test bars multiple prosecutions based on the same offense. United States v. Dixon (1993), ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556, citing Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 520. Here, the State failed to obtain a conviction for driving under the influence of alcohol in Justice Court. That proceeding barred any retrial of the driving under the influence of alcohol charge based on Barker's February 8, 1992 accident. See State v. Furlong (1984), 213 Mont. 251, 258, 690 P.2d 986, 989-90, citing Burks v. United States (1978), 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9-10; State v. Matt (1990), 245 Mont. 208, 214-15, 799 P.2d 1085, 1089, citing State v. Hall (1986), 224 Mont. 187, 728 P.2d 1339, rev'd on other grounds 481 U.S. 400, 107 S.Ct. 1825, 95 L.Ed.2d 354, per curiam; State v. Houser (1981), 192 Mont. 164, 168, 626 P.2d 256, 258 (same transaction rule bars retrials concerning the same conduct tried before a competent court of adequate jurisdiction). The State is therefore prohibited from

9

again placing Barker in jeopardy for driving under the influence of alcohol.

We conclude that any retrial on the driving under the influence of alcohol charge is barred by the United States and Montana Constitutions. Where, as here, the defendant appeals from an erroneous conviction for an uncharged offense, the defendant does not waive the constitutional protection against double jeopardy for charges of which he was acquitted. The State has not met its burden of proof: the District Court ruling is affirmed.

Chief Justice

We concur:

Justices

August 24, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Hon. Joseph P. Mazurek
George Schunk, Attorney *General*
Justice Bldg.
Helena, MT 59620

George H. Corn, County Attorney
Gerald D. Williams, Deputy
P.O. Box 5008
Hamilton, MT 59840

David E. Stenerson
Attorney at Law
P.O. Box 1667
Hamilton, MT 59840


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy