NO.   93-210

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

    Plaintiff and Respondent,

       v.

NEIL TODD.

    Defendant and Appellant.



APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Bob Alsobrook, Bozeman, Montana

      For Respondent:

      Hon. Joseph P. Mazurek, Attorney General, Paul D.
Johnson, Assistant, Helena, Montana: Loren Tucker,
Madison County Attorney, Robert R. Zenker, Deputy,
Virginia City, Montana


Submitted on Briefs:  September 30, 1993

Decided: November 18, 1993

Filed:

Justice Karla M. Gray delivered the Opinion of the Court.

This case presents procedural and jurisdictional issues relating to when appeals from justice court to district court are timely filed, the effect of a premature notice of appeal on the justice court's jurisdiction and which court has jurisdiction to rule on the timeliness of such an appeal. In affirming the District Court's dismissal of Neil Todd's appeal from the Justice Court to District Court, we take this opportunity to clarify the procedural and substantive standards that surround an appeal from justice court to district court.

Todd was charged in Madison County Justice Court with misdemeanor assault as a result of allegedly slapping a high school basketball referee. A jury subsequently convicted him of the offense, a sentencing hearing was scheduled and the State filed its recommendations. On March 18, 1992, Todd filed his sentencing recommendation. On the same date, he filed a "Notice of Intention to Appeal" his conviction to the District Court.

The Justice Court proceeded with sentencing on March 23, 1992, without objection from Todd. It ordered Todd to pay a $250 fine or perform fifty-nine hours of community service, and to pay restitution to Madison County for jury costs totalling $603.55. It also deferred imposition of a six-month sentence. Three months later, Todd notified the Justice Court that he had fulfilled the community service requirement. After three more months, the Clerk of the Justice Court advised Todd that he had not yet reimbursed the county for the jury costs, a condition of his deferred

2

sentence. On the basis of Todd's failure to pay the ordered reimbursement, the State moved the Justice Court for imposition of sentence. It also moved that court to dismiss Todd's March 18, 1992, notice of intention to appeal.

Todd responded by requesting the Justice Court to transfer the record of his case to District Court and to deny the State's motion to dismiss the appeal. Following a hearing, the Justice Court granted the State's motion to dismiss Todd's notice of intention to appeal. Todd subsequently filed a notice of appeal from the Justice Court's order dismissing his first appeal. After briefing and oral argument, the District Court concluded that it had no jurisdiction to review the Justice Court's order and dismissed his appeal. Todd now appeals to this Court.

Did the District Court err in dismissing Todd's appeal?

We begin our analysis with the filing of Todd's initial notice of intention to appeal and review the proceedings from that point forward. As detailed above, Todd filed his first notice of intention to appeal prior to sentencing by the Justice Court on his assault conviction. The Justice Court disregarded the notice of appeal and proceeded to sentence Todd.

The time requirements for filing an appeal to district court are found in § 46-17-311(2), MCA, which provides that a defendant may appeal to the district court by filing written notice of intention to appeal within ten days after a judgment is rendered following trial. The statutory definition of "judgment" states that if a defendant is adjudicated guilty, judgment includes the

3

sentence pronounced by the court.   Section 46-1-202(10), MCA. Thus, a prerequisite for an appeal from justice court to district court is the imposition of sentence and final judgment.   State v. Wilson (1992), 252 Mont. 264, 266, 827 P.2d 1286, 1287; State v. Hegeman (1991), 248 Mont. 49, 52, 808 P.2d 509, 511. We note that, although § 46-17-311, MCA, was amended in 1993, the amendment does not relate to or change the validity of Wilson's application of the time requirements for filing a notice of appeal from justice court.

Under Wilson and the statutes discussed above, it is clear that Todd's first notice of intention to appeal was filed prematurely.  As we explained in Hegeman, a district court does not obtain jurisdiction until sentencing and final judgment have been imposed; similarly, the justice court does not lose jurisdiction until a timely notice of appeal has been filed pursuant to the requisites of § 46-17-311, MCA.  See Hecieman, 808 P.2d at 511. As a result, we hold that Todd's notice of appeal from this criminal action in Justice Court,  filed prior to sentencing and final judgment, was premature as a matter of law and had no effect on the Justice Court's jurisdiction.  Therefore, in this case, the Justice Court retained jurisdiction over Todd's case and properly proceeded to Todd's sentencing and final judgment.

However, procedural and jurisdictional errors in this case were committed thereafter.  Nearly seven months after sentencing and final judgment, the State moved the Justice Court to dismiss Todd's March 18, 1992, notice of intention to appeal on the basis that the appeal was premature.  In response, Todd asserted that his

4

prior appeal was perfected and that a dismissal of his appeal would be a denial of due process: he requested that the record be transferred to District Court. The Justice Court held a hearing and subsequently dismissed Todd's notice of intention to appeal.

Before we address Todd's specific arguments, we clarify a procedural point relevant to this case to provide future guidance to the justice courts. The district court, not the justice court, must address the merits of a motion to dismiss an appeal from justice court: therefore, it is in the district court that such a motion must be filed. See, for example, State v. Speith (1990), 244 Mont. 392, 395, 797 P.2d 221, 222; City of Billings v. Seiffert (1984), 215 Mont. 381, 383, 697 P.2d 1342, 1343; and State v. Main (1980), 191 Mont. 304, 307, 623 P.2d 1382, 1384. As is clear from our discussion above, a motion to dismiss is not necessary if the notice of appeal is premature as a matter of law: however, if a motion to dismiss an appeal is otherwise appropriate, the motion should be filed in the district court.

In Hadford v. Hadford (1980), 189 Mont. 329, 332, 615 P.2d 920, 921, after the appellant filed notice of appeal from a district court order to the Supreme Court, the respondent moved the district court to dismiss the appeal because a bond had not been posted. We held that a district court had no authority to order the dismissal of an appeal once a notice of appeal has been filed: such authority is the exclusive province of this Court. Hadford, 615 P.2d at 921. The same principles apply here. The Justice Court had no authority to rule on a motion to dismiss an appeal to

5

the District Court.

Aside from the procedural irregularities, the District Court ultimately concluded that dismissal of Todd's appeal was appropriate. Our review of such legal conclusions is plenary. See Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603. Because we have determined that Todd's first notice of appeal was filed prematurely and had no legal effect, we turn our focus to Todd's second notice of appeal.

The District Court concluded that it lacked jurisdiction to review the Justice Court's order dismissing Todd's appeal because § 46-17-311, MCA, limited its jurisdiction to a trial de novo. Because Todd had failed to file his notice of appeal within ten days of his sentence and final judgment, the court concluded that its "de novo jurisdiction" was moot.

We conclude that the District Court did not err in dismissing Todd's second notice of appeal. Section 46-17-311(1), MCA, provides:

> [e]xcept for cases in which legal issues are preserved
> for appeal pursuant to 46-12-204, all cases on appeal
> from a justice's or city court must be tried anew in the
> district court . . . .

As the statute makes clear, an appeal to the district court for a trial de novo is a party's exclusive remedy for review of justice court proceedings. Adair v. Lake County (1984), 213 Mont. 466, 468, 692 P.2d 13, 14. A district court does not have appellate jurisdiction to review the correctness of legal conclusions made by a justice court. State v. Kesler (1987), 228 Mont. 242, 246, 741 P.2d 791, 793. The District Court correctly determined, therefore,

6

that it could not review the Justice Court's order dismissing Todd's appeal.

Todd concedes that a new trial is the exclusive remedy provided by § 46-17-311, MCA. He nonetheless asserts that the Justice Court's hearing on the State's motion to dismiss his appeal and his asserted "due process violations" constituted a trial entitling him to an appeal under § 46-17-311, MCA. Todd's argument is without merit. He cites no applicable authority to support his assertion that this hearing, and not the trial held March 9, 1992, to determine his guilt or innocence, was the "trial" from which he could appeal to District Court. Under the plain wording of § 46-17-311, MCA, Todd's "trial" was held on March 9, 1992, and that trial, not the hearing erroneously held by the Justice Court on the State's motion to dismiss his initial notice of intention to appeal, gave rise to his right to appeal to the District Court for a trial de novo.

Todd also argues that rigid adherence to the time limits set by § 46-17-311, MCA, violates his constitutional guarantee of due process. This argument is equally meritless. We have stated on many occasions that the right to appeal a criminal conviction from justice court is purely statutory and that strict compliance with § 46-17-311, MCA, is necessary to perfect an appeal. Sueith, 797 P.2d at 222; State v. Arthur (1988), 234 Mont. 75, 76-77, 761 P.2d 806, 807. Todd simply failed to follow the requirements of § 46-17-311, MCA, and, therefore, he is not entitled to a new trial in District Court. No due process violation occurred here.

7

In summary, we hold that Todd's first notice of appeal was premature as a matter of law and that the District Court did not err in dismissing Todd's second notice of appeal.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

November 18, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Bob Alsobrook
Attorney at Law
221 E. Mendenhall
Bozeman, MT 59715

Hon. Joseph P. Mazurek, Attorney General
Paul D. Johnson, Assistant
215 N. Sanders, Justice Bldg.
Helena, MT 59620

Loren Tucker, County Attorney
Robert R. Zenker, Deputy
P.O. Box 36
Virginia City, MT 59755

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy