# STATE ex rel. VIRGINIA P. WILSON, Relator and Appellant,

### -v-

# DISTRICT COURT THIRTEENTH JUDICIAL DISTRICT, YELLOWSTONE COUNTY, Respondent.

No. 93-360.
Decided April 6, 1995.
52 St.Rep. 264.
270 Mont. 449.
893 P.2d 318.

## OPINION AND ORDER OF DISMISSAL
## AND REMAND

Virginia P. Wilson, (Wilson) appeals from a District Court order dated May 12, 1993, denying her application for writ of certiorari in connection with a DUI prosecution in Yellowstone County Justice Court which has yet to be completed. We dismiss Wilson's appeal without prejudice and remand with instructions.

## BACKGROUND

The underlying facts and procedural background of this case are set forth in our opinion in *State v. Wilson* (1992), 252 Mont. 264, 827 P.2d 1286, (*Wilson I*), and will not be repeated here. Following our decision in *Wilson I*, and prior to her sentencing hearing in Justice Court scheduled for December 23, 1992, Wilson filed a motion to dismiss for lack of speedy trial. The Justice Court denied Wilson's motion, and on December 22, 1992, she filed an Application for Writ of Certiorari or Other Appropriate Writ in District Court seeking review of the Justice Court's ruling on the speedy trial issue. Following a hearing, the District Court denied her application on May 12, 1993, determining that Wilson could raise the speedy trial issue in Justice Court while pursuing an appeal in District Court, and that this constituted an adequate remedy of appeal.

Wilson then appealed to this Court, and the State moved to dismiss her appeal on the grounds that no final judgment was entered and that the District Court's order denying her application for writ was not appealable. We initially denied the State's motion to dismiss and ordered that the appeal proceed. To date Wilson has never been sentenced in the underlying Justice Court proceeding.

Having now carefully reviewed the record and the briefs filed by the parties, we conclude that Wilson's appeal should be dismissed without prejudice as being premature; that this case should be returned to the Justice Court for imposition of sentence; and that, should Wilson then choose to appeal her conviction to District Court, that the District Court shall consider and rule on her motion to dismiss for lack of speedy trial in connection with that appeal.

## DISCUSSION

██ Wilson was convicted of a DUI in Justice Court in 1991, however, as pointed out above, to date she has not been sentenced

upon her conviction. It is clear that Wilson is entitled to appeal only from a final judgment of conviction and orders after judgment which affect her substantial rights, § 46-20-104, MCA. It is also clear that since she has not been sentenced, there is no final judgment from which she can appeal, *Wilson I*, 827 P.2d at 1287, *State v. Todd* (1993) 262 Mont. 108, 111, 863 P.2d 423, 425, and that any appeal to the District Court or to this Court prior to the imposition of sentence would be premature.

■ Since, as we hereafter hold, the District Court correctly determined that Wilson could raise her speedy trial issue in connection with her appeal to the District Court, we also conclude that it was proper for that Court to deny her application for writ of certiorari, as she had an adequate remedy of appeal. Section 27-25-102(2), MCA; *Bridger Canyon Property Owners' Association, Inc. v. The Planning and Zoning Commission for the Bridger Canyon Zoning District* (1995), [270 Mont. 160], 890 P.2d 1268, 1271.

■ Whether the District Court can review the denial of the right to speedy trial in Justice Court has not heretofore been squarely addressed. As a general rule, the District Court must try all appeals from Justice Court, de novo, and may not sit as a court of review. *City of Billings v. McCarvel* (1993) 262 Mont. 96, 101, 863 P.2d 441, 444, and *Todd*, 863 P.2d at 426.

However, in *State v. Barker* (1993) 260 Mont. 85, 858 P.2d 360, we carved out a limited exception to the general rule. Barker was charged with DUI but was convicted of reckless driving in Justice Court. He appealed to the District Court and filed a motion to dismiss on the ground of double jeopardy, which was granted. We affirmed on appeal by the State and held that, while a defendant's statutory remedy for appealing a decision of the Justice Court is trial de novo in District Court, it would be a violation of the prohibition against double jeopardy to try Barker again on the DUI charge because he was originally charged with that offense and jeopardy attached when the first witness was sworn. *Barker* 858 P.2d at 363-64.

An analogous situation exists in the instant case. Although we are concerned here with a dismissal for lack of a speedy trial, and *Barker* was concerned with the issue of double jeopardy, both are situations where an appeal to the District Court, which entails a trial de novo, is not an adequate remedy. Moreover, we tacitly approved of an appeal to the District Court to raise speedy trial arguments in *State v. Strong* (1993), 258 Mont. 48, 851 P.2d 415.

In *Strong*, the defendant was charged with four misdemeanor offenses, and his first trial on the offenses ended in a mistrial at the Justice Court. The State amended the original complaint, charging the defendant with the same offenses. Prior to the second trial, the defendant filed a motion for lack of speedy trial, which was granted by the Justice Court. The State appealed to the District Court. The defendant again filed a motion to dismiss the charges for lack of speedy trial, and the District Court dismissed the charges.

On appeal to this Court, we concluded that the District Court erred in dismissing the charges because when the first trial ended in a mistrial and the State refiled the charges, the speedy trial time clock began to run anew. We determined that the District Court should have calculated the time period pertinent to the issue of lack of speedy trial from the date at which the mistrial was declared. We did not address the issue of whether a review by the District Court of the lack of speedy trial issue was appropriate, and we treated the issue of lack of speedy trial as an issue properly appealable from the District Court appeal.

In essence, we treated the issue of lack of speedy trial in a similar fashion as we treated the double jeopardy issue in *Barker* —as an exception to the general rule that the exclusive remedy for defendants from errors at the Justice Court level is by appeal to the District Court for a trial de novo. The purpose of an appeal to the District Court for a trial de novo is to provide a defendant with a "competent remedy in a court of record," to cure errors at the Justice Court level. *Barker*, 858 P.2d at 364. However, if the error complained of is a lack of speedy trial, the defendant is complaining of an error which cannot be cured by a trial de novo in a District Court. Carving out an exception to the general rule of appeal to the District Court for a trial de novo is an appropriate method of ensuring that the defendant has an "adequate remedy" at law.

We hold that the District Court may rule on the Justice Court's denial of Wilson's motion to dismiss for lack of speedy trial in the event she timely appeals her Justice Court conviction and sentence to the District Court and raises the speedy trial issue as a part of her appeal.

On the basis of the foregoing rationale and authorities:

IT IS ORDERED that Wilson's instant appeal should be and the same is hereby, DISMISSED without prejudice.

IT IS FURTHER ORDERED that this case should be and is hereby, REMANDED to the Justice Court for imposition of sentence.

IT IS FURTHER ORDERED that, if, after sentencing in Justice Court, Wilson perfects a timely appeal of her conviction and sentence in Justice Court to the District Court, that the District Court shall hear, consider and rule upon her speedy trial claim in connection with her appeal.

DATED this 6th day of April, 1995.

/S/ J. A. TURNAGE, Chief Justice
/S/ JAMES C. NELSON, Justice
/S/ KARLA M. GRAY, Justice
/S/ WILLIAM E. HUNT, SR., Justice
/S/ TERRY N. TRIEWEILER, Justice
/S/ W. WILLIAM LEAPHART, Justice
/S/ FRED J. WEBER, Justice