**STATE OF MONTANA,**
**Plaintiff and Respondent,**
v.
**HARVEY CALDWELL,**
**Defendant and Appellant.**

No. 98-075.
Ordered November 5, 1998.
1998 MT 261.
55 St.Rep. 1076.
291 Mont. 272.
968 P.2d 711.

## OPINION AND ORDER

### Background

¶1 On May 24, 1997, Harvey Caldwell (Caldwell) pleaded guilty in Powell County Justice Court to driving under the influence of alcohol and was convicted of and sentenced for that offense. Caldwell reserved the right to appeal the Justice Court's denial of his motion to dismiss the charge pursuant to § 46-12-204(3), MCA. In this motion, Caldwell argued that the charge should be dismissed for two reasons. First, Caldwell argued that the arresting officer did not have enough information prior to the arrest to form a particularized or reasonable suspicion that criminal activity was taking or had taken place. Second, Caldwell argued that the officer violated his right to gather exculpatory evidence when the officer refused to administer a blood test. The Justice Court stayed imposition of Caldwell's sentence pending his appeal to District Court. Caldwell appealed the denial of his Motion to Dismiss to the District Court for the Third Judicial District, Powell County, pursuant to § 46-17-311(1), MCA.

¶2 The District Court held an evidentiary hearing on October 30, 1997, wherein the State and Caldwell presented testimony and evidence concerning the issues raised in Caldwell's Motion to Dismiss. On November 25, 1997, the District Court issued an Opinion and Order denying Caldwell's Motion to Dismiss and affirming the Justice Court. On December 18, 1997, the Justice Court lifted the stay of imposition of sentence.

¶3 Five days later, on December 23, 1997, Caldwell appealed to this Court from the District Court's Opinion and Order denying his motion to dismiss. On July 8, 1998, the State filed with this Court a motion to dismiss Caldwell's appeal. The State argues that we should dismiss Caldwell's appeal with prejudice because, under § 46-17-311(1), MCA, the District Court reviewed his appeal as an appellate court and not pursuant to its "de novo jurisdiction." Thus, the State contends that Caldwell does not have the statutory right to appeal the Justice Court's ruling a second time to this Court. Alternatively, the State argues that even if Caldwell is entitled to appeal to

this Court, we should dismiss the appeal without prejudice on the basis that it is premature since the District Court did not enter a judgment of conviction against Caldwell or sentence him after it denied his Motion to Dismiss.

¶4 There are two issues before this Court. First, we are called upon to decide whether an appeal may be taken to this Court after a district court has ruled on an appeal from a justice court's ruling on a pretrial motion pursuant to §§ 46-17-311(1) and 46-12-204(3), MCA. This is an issue of first impression. We hold that a defendant may appeal to this Court from a district court's order on an issue reserved for appeal pursuant to §§ 46-17-311(1) and 46-12-204(3), MCA. Second, we are called upon to decide whether Caldwell may appeal from the District Court's Opinion and Order even though the District Court did not enter a judgment of conviction against Caldwell or sentence him. We hold that Caldwell's appeal to this Court is not premature because Caldwell is appealing from a district court order entered after final judgment of conviction that affects his substantial rights.

## Discussion

¶5 **[1]** Montana's district courts have both original and appellate jurisdiction. Section 3-5-301, MCA. The Montana Constitution provides that "[t]he district court shall hear appeals from inferior courts as trials anew unless otherwise provided by law." Art. VII, Sec. 4(2) Mont.Const. Likewise, we have stated that, as a general rule, district courts must try all appeals from justice courts as trials *de novo* and may not sit as courts of review. *State ex rel. Wilson v. District Court* (1995), 270 Mont. 449, 451, 893 P.2d 318, 319 (*Wilson II*) (citing *City of Billings v. McCarvel* (1993), 262 Mont. 96, 101, 863 P.2d 441, 444 and *State v. Todd* (1993), 262 Mont. 108, 113, 863 P.2d 423, 426). Moreover, we have stated that "[a] district court does not have appellate jurisdiction to review the correctness of legal conclusions made by a justice court." *Todd*, 262 Mont. at 113, 863 P.2d at 426 (citing *State v. Kesler* (1987), 228 Mont. 242, 246, 741 P.2d 791, 793).

¶6 Notwithstanding, we have judicially recognized two limited exceptions to this general rule for cases in which the defendant appeals from an error at the justice court level that cannot be cured by a trial *de novo* in the district court. *Wilson II*, 270 Mont. at 451-52, 893 P.2d at 319-20. *See also State v. Barker* (1993), 260 Mont. 85, 858 P.2d 360. Under these exceptions, the district court limits the scope of its review to the alleged error that cannot be cured by a trial *de novo*. *See*

*Wilson II*, 270 Mont. at 452, 893 P.2d at 320. *See also Barker*, 260 Mont. at 89-92, 858 P.2d at 363-64.

¶7    In *Barker*, the defendant appealed to district court because he had been charged with driving under the influence of alcohol but convicted of reckless driving. The defendant then filed a motion with the district court to dismiss the case arguing that a retrial on the original driving-under-the-influence charge would violate his constitutional protection against double jeopardy. We held that even though the statutory remedy for appealing a justice court decision is a trial *de novo* in district court, the district court could not conduct a trial *de novo* since the trial would have violated the defendant's constitutional protection against double jeopardy. *Barker*, 260 Mont. at 90-92, 858 P.2d at 363-64. Implicit in our holding was that the district court had the appellate jurisdiction to consider the defendant's motion to dismiss the case without conducting a trial *de novo* of the entire case.

¶8    In *Wilson II*, the defendant appealed to district court the justice court's denial of her motion to dismiss for lack of speedy trial. We held that, since a trial *de novo* would not be an adequate remedy for a defendant who has appealed a justice court's denial of a motion to dismiss for lack of speedy trial, the district court could, on appeal, rule on the justice court's denial of the motion to dismiss. *Wilson II*, 270 Mont. at 452, 893 P.2d at 320.

¶9    Section 46-17-311(1), MCA, contains another exception to the general rule that district courts must try appeals from justice courts as trials *de novo*. This statute provides in pertinent part that "except for cases in which legal issues are preserved for appeal pursuant to 46-12-204, all cases on appeal from a justice's or city court must be tried anew in district court ...." Section 46-12-204(3), MCA, in turn, states in pertinent part that "[w]ith the approval of the court and the consent of the prosecutor, a defendant may enter a plea of guilty, reserving the right, on appeal from the judgment, to review the adverse determination of any specified pretrial motion."

¶10   The State contends that, under the exception in § 46-17-311(1), MCA, the district court "assumes appellate jurisdiction of the preserved issues, not de novo jurisdiction of the entire case." Because the right to appeal a criminal conviction from justice court is purely statutory, the State contends that Caldwell has already had his appeal on the reserved issue and that he has no statutory right to appeal the Justice Court's ruling a second time in this Court.

¶11 In response, Caldwell argues that, on appeal, the district court tries *de novo* the issues that a defendant has reserved for appeal pursuant to § 46-12-204(3), MCA. Caldwell points out that justice courts are not courts of record and that, consequently, a district court does not have a record to review when a justice court ruling is appealed. Thus, Caldwell asserts that the district court must hold an evidentiary hearing to determine anew the facts concerning the issue raised in the defendant's appeal. Caldwell argues that the district court, after considering the testimony and evidence presented at the evidentiary hearing, issues an order that is appealable to this Court. We agree.

¶12 Under the exception in § 46-17-311(1), MCA, it is clear that a district court does not try a defendant's entire case *de novo* after a defendant pleads guilty in justice court and reserves the right to appeal a justice court's ruling on a pretrial motion pursuant to § 46-12-204(3), MCA. *See also* § 46-17-203(2), MCA ("A plea of guilty in a justice's court... waives the right of a trial de novo in district court."). We agree with the State that the district court takes appellate jurisdiction when a defendant appeals pursuant to § 46-12-204(3), MCA. We disagree, however, with the State's analysis that because the district court takes appellate jurisdiction over the issues raised in the defendant's appeal that it does not review the appeal *de novo.* As Caldwell correctly points out, justice courts are not courts of record and, as such, there may not be a factual record for the district court to review on appeal. Consequently, the district court must conduct an evidentiary hearing to ascertain the facts concerning the issues reserved for appeal.[1] Therefore, the exception in § 46-17-311(1), MCA, cannot be read to change the district court's *de novo* standard of review. Instead, the exception must be read as limiting the scope of the district court's appellate jurisdiction to a *de novo* review only of the reserved issue and not of the defendant's entire case. Thus, the exception in § 46-17-311(1), MCA, is simply the statutory counterpart to the exception that we recognized in *Barker* and *Wilson II.* That is, while the district court does not have appellate ju-

---

1. In the instant case, the District Court held a hearing at which it received testimony and evidence to determine anew whether the police officer had sufficient information prior to arrest to form a particularized or reasonable suspicion that criminal activity was taking or had taken place and whether Caldwell was denied his right to gather exculpatory evidence when the police refused to administer a blood test after he requested one.

risdiction to try the entire case *de novo*, it does have appellate jurisdiction to try the limited issues appealed *de novo*.

¶13 ■ Finally, we reject the State's argument that, in cases such as the one at bar, the district court provides final appellate review. Under Article VII, Section 2(1) of the Montana Constitution, this Court has the inherent power and obligation to interpret the constitution, to protect individual rights, and to review lower court decisions and actions for error. *State v. Finley* (1996), 276 Mont. 126, 135, 915 P.2d 208, 214. The Montana Supreme Court, as the highest appellate court in Montana, is "supreme in the exposition of the law of [the Montana] constitution." *Finley*, 276 Mont. at 135, 915 P.2d at 214 (citing *State v. Leslie* (1935), 100 Mont. 449, 454, 50 P.2d 959, 962 and *State v. Toomey* (1958), 135 Mont. 35, 44, 335 P.2d 1051, 1056). Consequently, if this Court did not act as the final appellate court in cases such as the one *sub judice*, this Court would be deprived of its constitutional power and obligation of final appellate review under Article VII, Section 2 of the Montana Constitution.

¶14 In sum, the exception in § 46-17-311(1), MCA, limits the scope of the district court's appellate jurisdiction to a *de novo* review only of the reserved issue and not of the defendant's entire case. Once the district court issues a final order disposing of the reserved issue on appeal, the defendant may appeal the district court's order to this Court.

¶15 ■ The State's second argument is that we should dismiss the instant appeal without prejudice because this Court lacks jurisdiction to consider it because it is premature. The State reaches this conclusion by arguing that the District Court did not enter a judgment of conviction or sentence Caldwell. The State cites *State v. Diesen*, 1998 MT 163, [290 Mont.55], 964 P.2d 712, and *State v. Wilson* (1992), 252 Mont. 264, 827 P.2d 1286 (*Wilson I*) in support of its argument. These cases, however, are distinguishable from the case at bar.

¶16 In *Wilson I*, the defendant appealed a justice court conviction to district court before the justice court had sentenced her. We held that, since a judgment is not final until the justice court sentences a defendant and because a defendant may not appeal until the justice court renders a final judgment, the district court was without subject matter jurisdiction to hear the case and, therefore, was obligated to dismiss the appeal. *Wilson I*, 252 Mont. at 266, 827 P.2d at 1287.

¶17   In *Diesen*, the defendant pleaded guilty in district court and reserved his right to appeal the court's denial of his motion to dismiss for improper venue. Although the district court adjudged the defendant guilty, it deferred sentencing until the defendant's appeal was decided. We cited § 46-20-104(1), MCA, which states that a defendant in a criminal case may appeal "only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." In addition, we cited § 46-1-202(6), MCA, which defines "conviction" as a "judgment or sentence entered upon a guilty plea..." and § 46-1-202(10), MCA, which defines "judgment" as "an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court." We concluded that, since the district court did not sentence the defendant, there had been no "final judgment of conviction." *Diesen*, ¶ 4. We also noted that the defendant was not appealing from a post-judgment order of the district court. *Diesen*, ¶ 4. Thus, we held that this Court lacked jurisdiction at that time to consider the defendant's appeal or to rule on the substantive legal issue that the defendant raised. *Diesen*, ¶ 4 (citing § 46-20-104, MCA, and *State v. Hegeman* (1991), 248 Mont. 49, 52, 808 P.2d 509, 511).

¶18   In the instant case, Caldwell is appealing from the District Court's Opinion and Order denying his motion to dismiss the charge against him. Section 46-20-104(1), MCA, permits a defendant to appeal from "a final judgment of conviction *and orders after judgment which affect the substantial rights of the defendant.*" (Emphasis added.) Unlike the defendants in *Wilson I* and *Diesen*, Caldwell had a final judgment of conviction entered against him by the Justice Court. He can therefore appeal from any order after this final judgment that affects his substantial rights. Where the defendant has reserved legal issues for appeal to district court under § 46-17-311(1), MCA, the district court's order or judgment disposing of those issues is final for purpose of appeal under § 46-20-104(1), MCA. Here, the District Court's Opinion and Order denying Caldwell's Motion to Dismiss is a final order that affects Caldwell's substantial rights and was entered after a final judgment of conviction against him. Accordingly, Caldwell may appeal the District Court's Opinion and Order to this Court pursuant to § 46-20-104(1), MCA. Therefore,

¶20    IT IS ORDERED that the State's Motion to Dismiss Appeal should be and is, hereby, DENIED.

¶21    IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Opinion and Order by mail to counsel of record.

¶22    DATED this 5th day of November, 1998.

S/ J. A. TURNAGE, Chief Justice

/S/ JAMES C. NELSON, Justice

/S/ KARLA M. GRAY, Justice

/S/ WILLIAM E. HUNT, Justice

/S/ W. WILLIAM LEAPHART, Justice

/S/ TERRY N. TRIEWEILER, Justice

/S/ JIM REGNIER, Justice