JUSTICE LEAPHART,
specially concurring.
¶60 I concur in the Opinion of the Court. I write separately to point out the inconsistencies inherent in the provisions of § 46-16-702, MCA, discussed by the Court in resolution of Issue 3. Section 46-16-702, MCA, allows a defendant to request a “new trial” following a verdict or finding of guilty. The statute provides that, if justified by law and the “weight of the evidence,” the court may: (a) deny the motion, (b) grant a new trial, or (c) modify the verdict, find the defendant guilty of a lesser included offense or find the defendant not guilty. Section 46-16-702(3)(a)-(c), MCA.
¶61 As to subsection b (granting a new trial), the statute creates a constitutional anomaly. If a court, having weighed the evidence, concludes that there is insufficient evidence to justify a guilty verdict, the court cannot, as contemplated by the statute, grant a new trial. To do so would contravene the double jeopardy clauses of the United States and Montana Constitutions. U.S. Const, amend. V; Mont. Const, art. II, § 25. When there is insufficient evidence to support a guilty verdict, the court must find the defendant not guilty, at which point the defendant cannot be subjected to further jeopardy. See Monge v. California, 524 U.S. 721, 727-28, 118 S. Ct. 2246, 2250 (1998); State v. Barker, 260 Mont. 85, 91, 858 P.2d 360, 363 (1993).
¶62 Our code of criminal procedure is deficient in that it does not provide for a judgment notwithstanding the verdict. Rather it requires a defendant who believes that that there is insufficient evidence to support a guilty verdict to file a motion for a “new trial” under § 46-16-702, MCA, when, in fact, the defendant does not want a new trial but rather a judgment of acquittal. Although motions for judgment notwithstanding the verdict are not contemplated by the code of criminal procedure, I completely understand why counsel continue to file such motions. Why should defense counsel be put in the untenable position of having no option but to file a motion for a “new trial” and then having to argue to the court, “The double jeopardy clause precludes the court from again placing my client in jeopardy by granting him/her a new trial”?
JUSTICE NELSON joins the concurring opinion of JUSTICE LEAPHART.