FILED

July 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0327

DA 14-0327

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 214N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

DANIEL McGRATH JR.,

Defendant and Appellant.

APPEAL FROM:   District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DC 13-3508
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Wade Zolynski, Chief Appellate Defender, James Reavis, Assistant
Appellate Defender; Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General; Helena, Montana

Jed C. Fitch, Beaverhead County Attorney, Michael Gee, Deputy County
Attorney; Dillon, Montana

Submitted on Briefs:  June 3, 2015
Decided:  July 28, 2015

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Daniel McGrath, Jr. (McGrath) appeals from an order of the Fifth Judicial District Court, Beaverhead County, denying his motion to suppress evidence and dismiss the proceeding.  McGrath was charged and convicted in Beaverhead County Justice Court of minor in possession of alcohol, in violation of § 45-5-624, MCA, and thereafter appealed to District Court.  McGrath argues on appeal that his trial counsel rendered ineffective assistance "by instructing the district court to apply an incorrect standard of review" to McGrath's appeal from Justice Court.

¶3      In Justice Court, McGrath filed a motion to suppress evidence and to dismiss the charge.  In a written order, the Justice Court denied the motion.  Thereafter, McGrath entered a guilty plea to the charge while reserving his right to appeal the denial of his motion.[1]  McGrath's notice of appeal stated, in part:

> Pursuant to Mont. Code Ann. § 46-12-204(3), McGrath reserved his right to appeal the Justice Court order dated March 28, 2013 denying his motion to

---

[1] McGrath's appellate briefing states that his guilty plea was entered pursuant to a plea bargain agreement, but does not indicate whether the agreement was in written form.  The record does not contain a written agreement.  The State's briefing simply indicates that, "with the State's permission," McGrath reserved his right to appeal the Justice Court's ruling on his motion.

dismiss and suppress evidence. Therefore, his appeal is limited to this specific pretrial motion.

¶4 After McGrath's initial appearance and arraignment in the District Court, the court issued an omnibus order setting forth pre-trial procedures and a schedule, including a date for trial. The court also issued a minute order setting an evidentiary hearing "[p]er the request of the county attorney . . . ." However, shortly thereafter, counsel for the parties filed a stipulated motion to vacate the hearing. The stipulation noted that the appeal had been limited to the denial of McGrath's motion by the Justice Court, and stated "the parties respectfully request this Court limit this case to review of the Justice Court's Judgment/Order." The parties advised that "the standard of review here is not de novo" and stated that "the Court should respectfully review the Justice Court's findings and determine whether the Justice Court's interpretation and application of the law was correct." The parties agreed that "neither party will be prejudiced by vacating this hearing."

¶5 The District Court issued an order that analyzed the necessity of an evidentiary hearing under § 46-13-104(2), MCA, and *State v. Schulke*, 2005 MT 77, ¶ 28, 326 Mont. 390, 109 P.3d 744. The court held the matter would be decided on the parties' briefs, reasoning:

> The parties ask the Court to make a decision as a matter of law.
>
> .   .   .
>
> McGrath attached the police report as an exhibit to his motion to suppress and dismiss. McGrath does not dispute the facts recounted by the police report. McGrath['s] arguments only contest the legal significance of those

facts. . . . This case almost perfectly matches *Schulke*. No evidentiary hearing is necessary.

The District Court subsequently issued an order denying McGrath's motion to suppress and dismiss, noting again that the facts were uncontested.

¶6 On appeal, McGrath argues that his trial counsel misstated the procedure on appeal to the District Court. McGrath takes issue with his counsel's statements within the stipulated motion that "the standard of review here is not de novo" and requesting the District Court review the Justice Court's order "for correctness," without conducting an evidentiary hearing. The State responds that the stipulated motion correctly explained that McGrath had reserved a single issue for appeal and that the parties had agreed, both in the Justice Court and District Court, that an evidentiary hearing was not necessary because the facts as set forth in the police report were not contested. The State argues that, even if McGrath's counsel had performed deficiently, McGrath has not demonstrated how he was prejudiced by not having an evidentiary hearing. In reply, McGrath expands his argument by offering that an evidentiary hearing would have provided trial counsel "an entirely new opportunity to present McGrath's case," and explains possible factual issues that could be raised in an evidentiary hearing.

¶7 McGrath correctly argues that the District Court's standard of review for his reserved appeal issue was de novo. *See State v. Caldwell*, 1998 MT 261, ¶ 12, 291 Mont. 272, 968 P.2d 711 ("the scope of the district court's appellate jurisdiction" of a reserved issue is "a de novo review only of the reserved issue and not of the defendant's entire case"). However, although the standard of review was misstated by the parties'

4

stipulated motion, that does not alter the fact that the parties permissibly presented only a narrow legal issue before the District Court, and agreed that the factual record, consisting of a police report, was sufficient to determine the issue. Although McGrath strains to argue that the parties "never made any concessions" that the facts were agreed upon, the record, as discussed above, demonstrates to the contrary: the parties neither contested the facts nor the District Court's characterization of the matter as factually uncontested, and asked the District Court to address only a legal issue. Further, the District Court did not merely conduct an appellate review for correctness of the Justice Court's conclusions of law. Indeed, it did not reference the Justice Court's conclusions at all, but rather conducted a de novo review of the matter consisting entirely of its own analysis. Therefore, any misstatement by trial counsel regarding the standard of review did not affect the proceeding.

¶8     McGrath's reply brief expands the issue on appeal to a challenge of trial counsel's overall case strategy, criticizing counsel's failure to contest certain facts and to pursue "an entirely new opportunity" to present the case in the District Court. Beyond the fact that new arguments are not permitted in a reply brief, the record here does not permit review of counsel's strategic decisions, which would be appropriate only in post-conviction proceedings. *See State v. Champagne*, 2013 MT 190, ¶ 29, 371 Mont. 35, 305 P.3d 61 ("Post-conviction proceedings represent the appropriate avenue for relief if the record does not fully explain 'why' counsel acted or failed to act").

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, the case presents a question controlled by settled law or by clear application of applicable standards of review.

¶10 Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA