No. 93-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

v.

RUDY STANKO,

       Defendant and Appellant.

FILED

DEC 06 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Rudy Stanko, Pro se, Laurel

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Helena

          Dennis Paxinos, County Attorney; John Kennedy,
Deputy County Attorney, Billings

Submitted on Briefs:  November 18, 1993

Decided:  December 6, 1993

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The Thirteenth Judicial District Court, Yellowstone County, dismissed defendant Rudy Stanko's (Stanko's) appeal from a Justice Court proceeding on the grounds that the appeal was premature and the District Court was therefore without jurisdiction. Stanko appeals. We affirm.

The issue is whether a person alleged to have committed a misdemeanor may appeal from a justice court proceeding prior to the justice court's final adjudication.

Stanko was charged with acting as an agent for a livestock dealer without a license, a misdemeanor in violation of § 81-8-271, MCA. Yellowstone County officials served him with a complaint and arraigned him on that offense. Following the Justice Court's denial of Stanko's motion to dismiss the charge, Stanko appealed to the District Court.

The District Court ordered the appeal dismissed and returned the case to the Justice Court. Stanko appeals from the District Court's order.

May a person alleged to have committed a misdemeanor appeal from a justice court proceeding prior to the justice court's final adjudication?

The right to appeal from justice court is purely statutory. State v. Barker (Mont. 1993), 858 P.2d 360, 363, 50 St.Rep. 970, 972. Section 46-17-311(2), MCA, clearly states that a person may

2

appeal a justice court decision after a final judgment has been entered. See also § 46-20-104, MCA (judgment must be final before appeal). A judgment is defined as "an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court." Section 46-1-202(10), MCA.

District courts are without jurisdiction to hear an appeal of a justice court decision until after a final judgment has been entered by the justice court. State v. Todd (1993), ___ P.2d ___, 50 St.Rep. 1466; State v. Hegeman (1991), 248 Mont. 49, 808 P.2d 509. Appeals taken prior to final adjudication and sentence in justice court are premature; properly, the district court must dismiss the appeal and remand the case back to justice court. State v. Wilson (1992), 252 Mont. 264, 827 P.2d 1286.

We therefore conclude that the District Court did not err in denying Stanko's appeal from justice court. Affirmed.

Pursuant to Section I, Paragraph 3(C), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_J. A. Turnage_
Chief Justice

We concur:

_William E. Hunt, Sr._

_Tom Trevisky_

_Justices_