No. 01-695

IN THE SUPREME COURT OF THE

STATE OF MONTANA

2002 MT 161

_____

LIONEL JAMES DEMONTINEY,                    )
                                            )
            Petitioner,                     )        O R D E R
                                            )
      v.                                    )        AND
                                            )
MONTANA TWELFTH JUDICIAL DISTRICT           )        O P I N I O N
COURT, HILL COUNTY, THE HONORABLE           )
JOHN WARNER, JUDGE THEREOF, and THE         )
STATE OF MONTANA,                           )
                                            )
            Respondent.                     )

_____

¶1      Lionel James Demontiney seeks a Writ of Supervisory Control directing the Montana

Twelfth Judicial District Court, Hill County, and Judge John Warner to grant the defendant's

Alternative Motions to Amend Verdict or for New Trial and vacate the jury's verdict of guilty.

Demontiney's petition also seeks to order the District Court and Judge Warner to discharge

Demontiney or grant him a new trial on the lesser included offense of negligent homicide.  We

grant Demontiney's petition and order the District Court to vacate the jury's verdict of guilty

and order Demontiney discharged.

¶2      The following issue is dispositive of this petition:

¶3      Did the District Court err by instructing the jury to consider the charge of mitigated

deliberate homicide after they concluded that the defendant was not guilty of deliberate homicide?

BACKGROUND

¶4      On November 29, 2000, the Hill County Attorney filed an Affidavit and Information

charging Demontiney with deliberate homicide.  Demontiney's trial began on May 29, 2001.  On the

1

first morning of trial, defense counsel and counsel for the State exchanged jury instructions. Neither party's instructions included mitigated deliberate homicide.

¶5     Following three days of testimony, the court convened an off-record settlement hearing concerning the jury instructions. After this conference, the State proposed an instruction on mitigated deliberate homicide. In support of this instruction, the State argued that evidence introduced during trial obligated it to offer this instruction. Demontiney's counsel objected, arguing unfair surprise and that only a defendant could offer an instruction on mitigated deliberate homicide. In overruling the defense's objection, the District Court stated that it would instruct the jury on mitigated deliberate homicide.

¶6     The following morning, the court settled the instructions on the record. The State had submitted jury instructions to the court that correctly instructed the jury to consider all of the evidence relating to the lesser and greater charges before considering a verdict on the greater charge. These jury instructions conformed with the 1999 edition of the Montana Criminal Jury Instruction Guide, Instruction 1-011. The Montana Criminal Jury Instruction Commission based this pattern instruction on §§ 46-16-606 & -607, MCA, and *State v. Robbins,* 1988 MT 297, 292 Mont. 23, 971 P.2d 359. As the State points out, this instruction essentially incorporated the "failure to agree" concept by instructing the jury that it should consider all of the evidence relating to the greater and lesser charges before considering the verdict on the greater charge. In addition, the State had prepared a verdict form consistent with this instruction that advised the jury to enter a verdict to only one charge. These instructions and verdict forms were consistent with our holding in *State v. Scarborough*, 2000 MT 301, 302 Mont. 350, 14 P.3d 1202.

¶7     Nevertheless, the jury instructions and verdict form did not match those offered by either party. The District Court instructed the jury to first consider the charge of deliberate homicide. If they reached a verdict of not guilty or were unable to reach a verdict on that charge, they were then

2

to consider the charge of mitigated deliberate homicide. Apparently neither party sufficiently reviewed the language of the court's instructions or verdict form before the court read the instructions and counsel made their closing arguments.

¶8 On June 1, 2001, the jury entered a verdict of guilty to mitigated deliberate homicide but not guilty to deliberate homicide. The District Court filed a memorandum setting forth its reasons for ruling on the mitigated deliberate homicide instruction on June 13, 2001. On June 29, 2001, Demontiney filed Alternative Motions to Amend Verdict or for New Trial. Demontiney maintained that the jury's verdict was "truly legally inconsistent." The court held a hearing on Demontiney's motion on August 15, 2001. On August 23, 2001, the District Court entered an order denying the defendant's motion. Demontiney filed a petition seeking a Writ of Supervisory Control.

DISCUSSION

¶9 Did the District Court err by instructing the jury to consider the charge of mitigated deliberate homicide after they concluded that the defendant was not guilty of deliberate homicide?

¶10 We first note that we will assume supervisory control over a district court where the district court is acting under a mistake of law, which is causing significant injustice, and where the remedy by appeal is inadequate. *See Park v. Montana Sixth Judicial Dist. Court,* 1998 MT 164, ¶ 13, 289 Mont. 367, ¶ 13, 961 P.2d 1267, ¶ 13. Determining whether supervisory control is appropriate is a case-by-case decision. *See Park*, ¶ 13. We base our decision on the presence of extraordinary circumstances and a particular need to prevent an injustice from occurring. *See Park,* ¶ 13.

¶11 Demontiney argues that the District Court is acting under a mistake of law, which will cause him significant injustice and will render his remedy of appeal inadequate. We agree.

¶12 Turning to the substance of this petition, Demontiney argues that the District Court erred by instructing the jury to consider the charge of mitigated deliberate homicide after concluding that the defendant was not guilty of deliberate homicide. Jury instructions in criminal cases must, as a

3

whole, fully and fairly instruct the jury on the law applicable to the case. *See State v. Fuqua*, 2000 MT 273, ¶ 9, 302 Mont. 99, ¶ 9, 13 P.3d 34, ¶ 9; *State v. Leyba* (1996), 276 Mont. 45, 51, 915 P.2d 794, 797. For us to reverse a district court, a court's jury instructions must prejudicially affect the defendant's substantial rights. *See State v. Goulet* (1997), 283 Mont. 38, 41, 938 P.2d 1330, 1332.

¶13    Here, the State sought to charge Demontiney with deliberate homicide, mitigated deliberate homicide and negligent homicide. In instructing the jury on these charges, the District Court's instructions directed the jury first to consider the charge of deliberate homicide. Only if they reached a verdict of not guilty or were unable to reach a verdict was the jury then to consider the charge of mitigated deliberate homicide. The jury did just that by finding Demontiney not guilty of deliberate homicide but guilty of mitigated deliberate homicide.

¶14    All parties involved seem to agree that this outcome, at least in part, was contrary to our case law. The State, for instance, concedes that the District Court's instructions and verdict form were incorrect statements of the law. It argues, however, that the court's jury instructions did not prejudice Demontiney. For its part, the District Court acknowledged that the jury instructions the court gave in this case were essentially identical to those given in *Scarborough*. In denying the defense's motion for a new trial, however, the court concluded that our decision in *Scarborough* was wrong. Nevertheless, we observe that district courts are bound by our decisions, whether or not they agree with them. *See State v. Whitehorn*, 2002 MT 54, ¶ 14, 309 Mont. 63, ¶ 14, 43 P.3d 922, ¶ 14.

¶15    We agree with the District Court that its instructions on deliberate homicide and mitigated deliberate homicide were similar to those given in *Scarborough*. In *Scarborough*, the court instructed the jury to first consider the charge of deliberate homicide. If the jury found the defendant not guilty of deliberate homicide, the court instructed the jury to then consider the charge of mitigated deliberate homicide.

¶16    We continue to conclude, as we did in *Scarborough*, that such an instruction is not a full and

4

fair instruction on the applicable law. A person commits the offense of deliberate homicide when he or she "purposely or knowingly causes the death of another human being." Section 45-5-102(1)(a), MCA. A trier of fact can convict a defendant of mitigated deliberate homicide if it finds that the defendant committed all the elements of deliberate homicide and did so under the influence of extreme mental or emotional stress for which there is a reasonable explanation or excuse. *See* § 45-5-103, MCA. Thus, as we stated in *Scarborough*, "a finding that the defendant satisfied the elements of deliberate homicide is a *prerequisite* to a conviction on the mitigated offense." *Scarborough,* ¶ 48. In other words:

> there is no logical way the jury could *acquit* on deliberate homicide and then consider mitigated deliberate homicide. To do so would require finding, first, that the defendant *did not* "purposely or knowingly cause the death of another human being." and, second, that he *did so* but only under the influence of extreme mental or emotional stress.

*Scarborough*, ¶ 49.

¶17     Therefore, a finding of guilt on deliberate homicide is a precondition to a finding of guilt on mitigated deliberate homicide. The State, in fact, concedes that this statutory interpretation is correct. The District Court's instructions, therefore, were clearly an incorrect statement of the law. We must still decide, however, whether the court's instructions prejudiced Demontiney's substantive rights. It is in this regard that we distinguish the present case from *Scarborough*.

¶18     In *Scarborough*, unlike in the present case, the jury convicted Scarborough of deliberate homicide. The jury in *Scarborough* thus never addressed the question of mitigated deliberate homicide. Nevertheless, we held that the court's error did not prejudice Scarborough's substantive rights. We instead concluded that Scarborough had not met the burden of proof to support a finding of mitigated deliberate homicide. Therefore, even if the jury had considered the charge, they could

5

not have found him guilty. *See Scarborough*, ¶ 56.

¶19 Similarly, the State now urges us to consider the District Court's error as also harmless. It reasons that entering a not guilty verdict to deliberate homicide before a guilty verdict to mitigated deliberate homicide makes no practical difference. According to the State, the jury's finding of guilt on mitigated deliberate homicide was the most appropriate choice given the court's instructions. While that may be true, our concern lies with the District Court's erroneous instructions, not with the jury's efforts to grapple with those erroneous instructions.

¶20 As we explained above, a finding of guilty on mitigated deliberate homicide requires a finding of every element of deliberate homicide plus an additional finding of extreme mental or emotional stress. The District Court's jury instructions and verdict form, however, allowed the jury to find Demontiney not guilty of the elements of deliberate homicide yet somehow guilty of those same elements when combined with a finding of extreme mental or emotional stress. The jury exposed this inconsistency by returning a logically impossible verdict. This verdict resulted in Demontiney's conviction of mitigated deliberate homicide.

¶21 The State argues that this result did not prejudice Demontiney because the jury still convicted him of a lesser offense. We fail to see how this did not prejudice Demontiney. We cannot imagine a much more prejudicial result to a defendant than a guilty verdict that is not logically possible. For these reasons, we conclude that the District Court's instructions amounted to reversible error.

¶22 The State asks that we allow it to retry the case should we reverse the jury's original conviction. The jury deliberated on three possible charges: deliberate homicide, mitigated deliberate homicide and negligent homicide. We cannot allow the State to retry Demontiney on any of these three charges.

¶23 First, Article II, Section 25 of the Montana Constitution prohibits the State from putting a defendant in double jeopardy for the same offense. *See State v. Nelson* (1996), 275 Mont. 86, 90,

6

910 P.2d 247, 250; *State v. Barker* (1993), 260 Mont. 85, 90, 858 P.2d 360, 363. The jury found Demontiney not guilty of deliberate homicide. Therefore, the State cannot retry Demontiney on that same charge.

¶24 Second, we concluded above that a conviction of mitigated deliberate homicide is not possible if a jury finds a defendant not guilty of deliberate homicide. Because the jury found Demontiney not guilty of deliberate homicide, it cannot logically convict Demontiney of mitigated deliberate homicide. The State thus cannot retry Demontiney on that charge.

¶25 Finally, the State may not prosecute a defendant on the same transaction where two or more offenses are known to the prosecutor, supported by probable cause and consummated prior to the original charge when the former prosecution resulted in an acquittal. *See* § 46-11-503(1)(a), MCA. Here, negligent homicide was clearly known to the prosecutor, supported by probable cause and consummated prior to the original charge. Furthermore, the jury acquitted Demontiney of deliberate homicide and, as we explain above, could not convict him of mitigated deliberate homicide. Because the initial prosecution ultimately resulted in an acquittal, § 46-11-503(1)(a), MCA, prohibits the State from retrying Demontiney on negligent homicide.

¶26 We note that both parties argued the issue of whether the court erred by allowing the State to introduce the affirmative defense of mitigated deliberate homicide. Because the court's incorrect instruction amounted to reversible error, reaching this issue is not necessary to our overall conclusion. Consequently, we decline to address the issue. Therefore,

¶27 IT IS HEREBY ORDERED that Demontiney's petition for a writ of supervisory control is GRANTED;

¶28 IT IS FURTHER ORDERED that the District Court hereby vacate the jury's verdict of guilty to mitigated deliberate homicide and order Demontiney immediately discharged.

7

¶29 The Clerk of Court is directed to mail a copy of this Order to all counsel of record.

¶30 DATED this 18th day of July, 2002.

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

Justice W. William Leaphart dissenting.

¶31 I dissent.

¶32 I agree that the District Court's instruction to first consider the charge of deliberate homicide before considering the lesser offenses is wrong. Such a stair-step approach is not a correct application of the law. The court should have given the instructions offered by the State thereby instructing the jury to consider all of the evidence relating to the lesser and greater charges before considering a verdict on the greater charge.

¶33 I disagree, however, with this Court's conclusion that Demontiney was prejudiced by this error. In *State v. Scarborough*, 2000 MT 301, 302 Mont. 350, 14 P.3d 1202, we addressed jury instructions essentially the same as those given in the present case. We concluded that, under the "acquittal first" approach, "whether the jury found sufficient evidence to convict on deliberate homicide or not, the instruction effectively precluded consideration of Scarborough's affirmative defense [mitigated deliberate homicide]." *Scarborough*, ¶ 50. This legal prejudice was held to be harmless since, in any event, Scarborough did not meet his burden of proof to support a finding of mitigated deliberate homicide. Demontiney, however, did not offer the mitigated deliberate homicide instruction as an affirmative defense. Rather, it was offered by the State over Demontiney's objection. Demontiney did not suffer the same prejudice as Scarborough because Demontiney's jury, despite having considered deliberate homicide first, went on to consider the lesser offense of mitigated deliberate homicide.

¶34 The Court concludes that the jury instructions and verdict form resulted in an inconsistent verdict which cannot stand because, as the Court reads *Scarborough*, "a finding of guilt on

9

deliberate homicide is a precondition to a finding of guilt on mitigated deliberate homicide." The Court, however, misconstrues the import of the *Scarborough* decision.

¶35     Mitigated deliberate homicide requires proof of every element of deliberate homicide plus an additional finding of extreme mental or emotional stress. Here, the jury found Demontiney guilty of mitigated deliberate homicide. Thus, in finding him not guilty of the *offense* of deliberate homicide, it was not finding that Demontiney had not committed the *elements* of deliberate homicide. Rather, it found that not only had he committed the elements of deliberate homicide, *but also the additional element* of extreme mental or emotional stress. In other words, if a defendant commits all the elements of the offense of deliberate homicide and does so under extreme mental or emotional stress, he is not guilty of deliberate homicide but is guilty of mitigated deliberate homicide.

¶36     The verdict form offered by the State would have correctly advised the jury to only enter a verdict on one of the charges. The verdict form given by the District Court did not contain this admonition. Demontiney, however, did not object to this oversight by the court. Clearly, if the jury had been properly instructed on the verdict form, it would have avoided the present confusion by entering a verdict on mitigated deliberate homicide but not on deliberate homicide.

¶37     Although I agree that the District Court's jury instructions were plagued with an illogical stair-step progression, this jury, unlike the *Scarborough* jury, defied the illogic and not only considered mitigated deliberate homicide, but considered it favorably to Demontiney. I conclude that Demontiney was not prejudiced by the court's erroneous instructions.

¶38     I would affirm the conviction for mitigated deliberate homicide.

/S/ W. WILLIAM LEAPHART

Justice Jim Rice joins in the dissent of Justice Leaphart.

/S/ JIM RICE

Justice Patricia O. Cotter concurs and dissents.

¶39    I concur in the Court's conclusion that a conviction of mitigated deliberate homicide is not possible if a jury finds a defendant not guilty of deliberate homicide. However, I dissent from the Court's application of § 46-11-503(1)(a), MCA, to this case, and the Court's resulting conclusion that the State is prohibited from retrying Demontiney on negligent homicide.

¶40    Section 46-11-503, MCA, provides in relevant part:

> (1) When two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if:

> (a) the former prosecution resulted in an acquittal. There is an acquittal whenever the prosecution results in a finding of not guilty by the trier of fact or in a determination that there is insufficient evidence to warrant a conviction. A finding of guilty of a lesser offense that is subsequently set aside is an acquittal of the greater offense that was charged.

> . . . .

¶41    Section 46-11-503(1)(a), MCA, requires that the former prosecution end in acquittal. Demontiney was acquitted of deliberate homicide by both the jury's explicit verdict of "not

12

guilty," as well as its implied acquittal based on its guilty verdict for mitigated deliberate homicide.  *See State v. Barker* (1993), 260 Mont. 85, 91, 858 P.2d 360, 363 (citing § 46-11-503[1](a), MCA, and *Green v. United States* (1957), 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199).  However, in this case, the jury made neither an express nor an implied finding of acquittal on the lesser offense of negligent homicide.  While the last sentence of § 46-11-503(1)(a), MCA, notes that a finding of guilty of a lesser included offense is an acquittal of the greater offense, it is silent as to the effect a guilty verdict on the first lesser offense (mitigated deliberate homicide) might have on an even lesser included offense, such as negligent homicide.

¶42     Here, the jury was instructed to first consider the charge of deliberate homicide, and if it found Demontiney not guilty, or was unable to reach a verdict on that charge, it was to then consider mitigated deliberate homicide.  The jury entered a verdict of "not guilty" to deliberate homicide and "guilty" to mitigated deliberate homicide.  The jury therefore did not reach the charge of negligent homicide.  Instead, the jury simply left the verdict line under the lesser included offense of negligent homicide--blank.

¶43     We have previously declined to state a general rule or define the meaning of a blank verdict form in any given case.  *See State v. Turner* (1994), 265 Mont. 337, 348, 877 P.2d 978, 984.  *See also Burks v. United States* (1978), 437 U.S. 1, 10, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9 (citation omitted) (in Double Jeopardy context, an "acquittal" means "<u>resolution</u>, correct or not, of some or all of the factual elements of the offense charged") (emphasis added); and *United States v. Lanzotti* (7th Cir. 1996), 90 F.3d 1217, 1222 (citing *Burks*, 437 U.S. at 15; and *United States v. Scott* (1978), 437 U.S. 82, 97-98, 98 S.Ct. 2187, 2197-98, 57 L.Ed.2d

13

65, 78-79) (for "ruling to be considered a functional acquittal, it must speak to the *factual innocence* of the defendant") (emphasis in original). I would conclude that given the unique factual situation here and the court's instructions to the jury that if it found Demontiney guilty of mitigated deliberate homicide it had "reached a verdict," the jury's act of leaving the negligent homicide verdict line blank was an indication that the jury did not resolve, or attempt to resolve, Demontiney's "factual innocence" of the lesser offense of negligent homicide.

¶44 Because the trier of fact made neither "a finding of not guilty," nor "a determination that there [was] insufficient evidence to warrant a conviction," as § 46-11-503(1)(a), MCA, contemplates, I would conclude Demontiney was not acquitted of negligent homicide. I would further conclude that § 46-11-503, MCA, has no application in determining whether Demontiney may be retried for negligent homicide.

¶45 The principles of Double Jeopardy do not bar a second trial for the lesser offense of negligent homicide. It is well-established that "the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge." *Montana v. Hall* (1987), 481 U.S. 400, 402, 107 S.Ct. 1825, 1826, 95 L.Ed.2d 354, 359 (citing *Burks*, 437 U.S. 1; and *Scott*, 437 U.S. at 90-91). *See also, State v. Bad Horse* (1980), 185 Mont. 507, 513, 605 P.2d 1113, 1116 (citations omitted). Further, I would make no distinction premised upon the fact that Demontiney was not initially charged with negligent homicide, as is further addressed below.

¶46 While it may be true that when no instructions are given on lesser included offenses, a jury's verdict is limited to the defendant's guilt or innocence as to the crime explicitly

14

charged, and "acquittal on the crime explicitly charged necessarily implies an acquittal on all lesser included offenses included within that charge," *United States v. Gooday*, (9th Cir. 1983), 714 F.2d 80, 82, cert. denied, 468 U.S. 1217, 82 L.Ed.2d 884, 104 S.Ct. 3587 (1984)), that is not the procedural scenario presented in this case. Here, Demontiney was charged with deliberate homicide, but the jury was instructed on two lesser offenses, mitigated deliberate homicide (over the objection of Demontiney), and negligent homicide (as requested by both the defendant and the State). This is similar to the situation in *United States v. Paul* (9th Cir. 1994), 37 F.3d 496.

¶47     In *Paul*, the Ninth Circuit Court of Appeals determined that a defendant, charged only with second degree murder, but convicted of the lesser included offense of voluntary manslaughter, may be retried on both the lesser offenses, voluntary and involuntary manslaughter, following reversal for erroneous jury instruction, but may not be retried on the originally charged offense, second degree murder, since the jury's verdict impliedly acquitted the defendant of the greater offense. *Paul*, 37 F.3d at 501. *See also United States v. Brown* (10th Cir. 2002), 287 F.3d 965. Thus, like the defendant in *Paul*, although he was not originally charged with negligent homicide, Demontiney may be retried for that offense since the jury was instructed on it as a lesser offense to deliberate homicide, but failed to resolve the factual issues relating to Demontiney's guilt or innocence on that count in its verdict. *See also*, *Gooday*, 714 F.2d at 83 (when jury acquitted defendant of the charged offense, first degree murder, and was unable to reach a verdict on the three lesser offenses, upon which the defendant requested the jury be instructed, acquittal on the charged offense did not bar retrial on the lesser offenses). Based on the foregoing, I would conclude that neither the principles of Double Jeopardy, nor

15

Montana's specific statutes concerning former prosecution, bar retrial of Demontiney for the lesser offense of negligent homicide.

¶48    In this situation, § 46-11-505, MCA, controls. "A prosecution is not a bar if . . . the former prosecution resulted in a judgment of conviction that was held invalid in a postconviction hearing." Section 46-11-505(2), MCA. The Court's Order invalidates Demontiney's conviction for mitigated deliberate homicide by vacating the jury's verdict. Thus, while I agree Demontiney may not be retried for deliberate homicide or mitigated deliberate homicide, I would conclude that a second prosecution and retrial on negligent homicide is not barred, and would remand for that purpose.

¶49    Finally, such a result would be consonant with the relief Demontiney himself sought. While Demontiney did seek an Order of discharge from this Court, he asked in the alternative that we grant him a new trial on the lesser offense of negligent homicide. Clearly, Demontiney saw no legal impediment to such a course of action. As indicated above, neither do I.

/S/ PATRICIA COTTER