Justice Ingrid Gustafson delivered the Opinion of the Court.
*282 ***238 ¶1 Appellant Kenneth Oschmann (Oschmann) appeals the denial of his Motion to Set Aside Jury Verdict and Grant the Defendant a New Trial by the Thirteenth Judicial District Court, Yellowstone County. We affirm.
¶2 We restate the issue on appeal as follows:
Did the District Court err in denying Defendant's Motion to Set Aside Jury Verdict and Grant the Defendant a New Trial?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 In July 2015, Oschmann was charged with Count I: Partner or Family Member Assault (felony) and Count II: Criminal Destruction of or Tampering with a Communication Device (misdemeanor). He entered a not-guilty plea and the cause proceeded to jury trial on April 4, 2016.
¶4 Pursuant to § 46-16-118, MCA, the District Court directed the parties to include two alternate jurors during jury selection. Both the State and Oschmann questioned the jury panel as they desired. Following voir dire , Oschmann passed the jury, including the two alternates, for cause and the jury was sworn and empaneled. After the parties presented their opening statements but prior to presentation of evidence, the court and the parties learned Juror 3 was having an allergic reaction and needed to be excused. Without objection, Juror 3 ***239 was excused for a medical issue. The District Court directed the first alternate, Juror 13, to take the place of Juror 3. The court instructed the bailiff to have Juror 13 move to the Juror 3 chair to accomplish the replacement. Unbeknownst to the court and the parties, Juror 14 rather than Juror 13 took the place of Juror 3 and served on the jury.
¶5 On April 5, 2016, the jury found Oschmann guilty of both charges. Upon the poll of the jury, the court and the parties learned that the second alternate, Juror 14, rather than the first alternate, Juror 13, had replaced Juror 3, and had served as a jury member. At that time, Oschmann's trial counsel indicated he was not in a position to move for a mistrial but rather needed to look into the situation further. The court advised it would also research the issue should Oschmann file a motion. Through subsequent counsel, Oschmann filed his Motion to Set Aside Jury Verdict and Grant the Defendant a New Trial on September 29, 2016, 175 days after the pronouncement of the guilty verdict. The District Court denied the motion and Oschmann appeals.
STANDARD OF REVIEW
¶6 This Court reviews a district court's denial of a motion for a new trial to determine whether the court abused its discretion. State v. Morse , 2015 MT 51, ¶ 18, 378 Mont. 249, 343 P.3d 1196. To the extent the district court makes findings of fact, those findings are reviewed for clear error. Morse , ¶ 18.
DISCUSSION
¶7 Did the District Court err in denying Defendant's Motion to Set Aside Jury Verdict and Grant the Defendant a New Trial?
¶8 Oschmann asserts the District Court erred when it denied Defendant's Motion to Set Aside Jury Verdict and Grant the Defendant a New Trial as the court included facts not in the record and failed to follow § 46-16-118(3), MCA. Oschmann asserts the District Court "recited some background *283 facts which are at odds with the record." Specifically, Oschmann takes issue with the District Court's assertion that it made inquiry of Juror 14 to confirm he had been sworn, deliberated, and that the guilty verdict was indeed his verdict. Oschmann asserts the record is devoid of confirmation from Juror 14 he was sworn, deliberated, and whether the guilty verdict was his true verdict.
¶9 We find this argument somewhat disingenuous. After the juror mix-up was discovered during the jury poll, the District Court called Juror 14 into court to briefly discuss the situation. At that time, in the court's presence, Juror 14 confirmed he was Juror 14. Throughout the trial, the court could see the jury panel during presentation of the ***240 parties and, upon Juror 14 confirming his identity, clearly recognized that Juror 14 rather than Juror 13 sat and deliberated as a principal member of the jury. Defendant concedes this in his Opening Brief when he acknowledges, "[i]t is during the jury poll that the parties became aware the wrong alternate juror deliberated," and "the second alternate juror sat on the jury, instead of the first alternate juror." Further, at no time during the jury poll, or while briefly discussing the matter with the court in the presence of the parties, did Juror 14 iterate he had not deliberated or that the verdict read was not his true verdict.
¶10 Juror 14 was one of the original 30 individuals called forward as potential jurors. Oschmann had full opportunity to question the prospective jurors, including Juror 13 and Juror 14, following which he passed the jury panel for cause. Upon completion of the jury selection and the parties exercising their peremptory challenges, the jury was seated and in open court, and the court declared Juror 13 to be the first alternate and Juror 14 to be the second alternate jurors. Thereafter, the Clerk swore in the trial jurors, including the alternates. Following opening statements, during an in-chambers conference, the court and the parties learned of Juror 3's medical problem and, without objection, the court excused her and informed the bailiff that alternate Juror 13 should physically move to the Juror 3 seat. Upon resuming trial, Oschmann had full opportunity to see that Juror 14, rather than Juror 13, had moved to the Juror 3 seat. Oschmann did not object and did not otherwise bring the mix-up to the attention of the court or the State.
¶11 At no time did Juror 14 contradict the guilty verdict during the original polling or when he was recalled by the court to discuss the matter. The verdict forms indicate both guilty verdicts were unanimous and the jury foreman signed the verdicts. While the District Court could have made more direct inquiry of Juror 14, it is clear from the record on the whole, in conjunction with the court's ability to see and perceive the jurors who were sworn, deliberated, and rendered a verdict, that Juror 14 was among them. As such, we conclude the District Court's findings in this regard were not clearly erroneous.
¶12 Defendant next asserts he is entitled to a new trial because the District Court failed to acknowledge and follow § 46-16-118(3), MCA, by failing to acknowledge that, if needed, alternate jurors are placed on the jury in the order in which they are called. Oschmann argues Juror 14's presence on the jury was not permitted as Juror 14 was not called upon by the court to replace a member of the jury, but instead Juror 13 was called upon by the court to replace a member of the jury.
¶13 The State asserts that although § 46-16-118(3), MCA, was ***241 technically violated, this violation did not deprive Oschmann of his constitutional right to a fair and impartial jury and Oschmann has failed to show how the interest of justice requires a new trial. The State argues this technical violation did not implicate Oschmann's substantial rights and was thus harmless error. We agree.
¶14 Following a guilty verdict, "the court may grant the defendant a new trial if required in the interest of justice" without a motion or "if justified by law and the weight of the evidence" deny, grant, or modify the verdict after motion and hearing. Section 46-16-702, MCA. The Montana and United States Constitutions guarantee a defendant a right to a fair and impartial jury.
*284 Mont. Const. Art. II, §§ 17, 24 ; U.S. Const., Amend. VI.
¶15 Section 46-16-118, MCA, provides:
(1) The court may direct that one or more alternate jurors be selected in the same manner as principal jurors. The alternate jurors shall take the same oath as the principal jurors.
(2) Each party shall have one additional peremptory challenge for each alternate juror.
(3) Alternate jurors, in the order in which they are called, shall replace jurors who, prior to the time the jury arrives at its verdict, become unable or disqualified to perform their duties. An alternate juror may not join the jury in its deliberation unless called upon by the court to replace a member of the jury. An alternate juror's conduct during the period in which the jury is considering its verdict is regulated by instructions of the trial court. An alternate juror who does not replace a principal juror must be discharged after the jury arrives at its verdict.
¶16 While the statutory jury selection procedures-including those regarding alternate jurors contained in § 46-16-118, MCA -are designed to protect against violations of the defendant's constitutional right to a fair and impartial jury, not every violation of the statutory process must result in reversal. "Technical departures from the jury selection statutes and violations which do not threaten the goals of random selection and objective disqualification do not constitute a substantial failure to comply." State v. Bearchild , 2004 MT 355, ¶ 15, 324 Mont. 435, 103 P.3d 1006. In Bearchild , we adopted the harmless error standard "to technical or immaterial violations of the statutory jury selection scheme" requiring the defendant to demonstrate prejudice to his substantial rights with violation thereof rather than presuming prejudice. Bearchild , ¶ 24, and § 46-20-701, MCA. Similar to Bearchild , Oschmann does not challenge the composition of the jury or even its impartiality but rather, challenges a particular juror: Juror 14. Although Oschmann is entitled to an impartial jury, he has no right ***242 to a particular juror. Bearchild , ¶ 21.
¶17 Oschmann does not argue his constitutional right to a fair and impartial jury was violated nor does he describe how he was prejudiced such that the interests of justice require a new trial. Oschmann has not demonstrated or asserted any failure of the random selection of prospective jurors called to potentially serve at his trial. Further, he had full opportunity to question the jurors called forth, including Juror 14, to discern any bias or prejudice warranting a challenge for cause and to intelligently exercise his peremptory challenges. The alternate jurors were selected in the same manner as the original principal jurors, both parties exercised peremptory challenges in selecting the alternate jurors, and the alternate jurors took the same oaths as the principal jurors. Oschmann has failed to demonstrate any prejudice from alternate Juror 14 serving as a juror in replacement of Juror 3 instead of alternate Juror 13. As such, there was no material failure by the District Court to comply with Montana's jury selection statutes and the technical error occurring herein was harmless. As the error was harmless, the District Court correctly concluded the interest of justice does not require a new trial.
¶18 Alternatively, Oschmann asserts his attorneys provided ineffective assistance of counsel (IAC)-asserting trial counsel was ineffective for failing to file a timely motion for a new trial and his later counsel was ineffective for failing to argue in his motion for a new trial that seating the alternate jurors out of order violated § 46-16-118(3), MCA.
¶19 As we have determined there was no material failure by the District Court to comply with Montana's jury selection statutes and the technical error occurring herein was harmless, it is not necessary for us to consider Oschmann's IAC claims further. Even if we accepted Oschmann's assertion that trial counsel was ineffective for not filing a motion, when one was ultimately filed by subsequent counsel the District Court did not deny the motion as untimely but rather determined it on the merits. Whether trial counsel "was ineffective because he failed to file a motion for a new trial based upon the *285 alternate juror error" became moot, as any potential prejudice from trial counsel's failure to file a motion for a new trial was cured by subsequent counsel's filing of the motion and the District Court's consideration of it on its merits. Further, even if we were to accept Oschmann's assertion subsequent counsel was ineffective for failing to specifically argue the requirements of § 46-16-118(3), MCA, in the motion for a new trial, we have determined the technical violation of § 46-16-118(3), MCA, was harmless and not prejudicial to Oschmann. As such, Oschmann is unable to establish he was prejudiced by subsequent counsel's deficient performance. ***243 CONCLUSION
¶20 There was no material failure by the District Court to comply with Montana's jury selection statutes and the technical error occurring herein was harmless. As the error was harmless, the District Court correctly concluded the interests of justice do not require a new trial and, as such, Oschmann is unable to establish his IAC claims.
¶21 Affirmed.
We concur:
MIKE McGRATH, C.J.
BETH BAKER, J.
JIM RICE, J.