FILED

08/27/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0416

DA 23-0416

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 187

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

SAMUEL WADE FRYDENLUND,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DC-22-22
Honorable Gregory L. Bonilla, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        David J. Lee, Lee Law Office, PC,  Shelby, Montana

        Scott B. Owens, Owens Law Firm, PLLC, Helena, Montana

     For Appellee:

        Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

        Shari Lennon, Pondera County Attorney, Conrad, Montana

Submitted on Briefs:  June 19, 2024

Decided: August 27, 2024

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Samuel Wade Frydenlund appeals the Ninth Judicial District Court's denial of his motion to set aside the verdict when a Pondera County jury found him guilty of criminal trespass, a lesser included offense, after finding him not guilty of burglary. Frydenlund asserts that after the jury unanimously found him not guilty of burglary, it was precluded from considering the lesser included offense. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In May 2023, the State charged Frydenlund by second amended information with burglary, stalking, and partner or family member assault. Frydenlund provided notice that he intended to present at trial a defense of mental disease or defect. Frydenlund also filed a pretrial motion to request that the verdict form include criminal trespass, a misdemeanor in violation of § 45-6-203, MCA, as a lesser included offense of the burglary charge. The court denied Frydenlund's motion, determining that it was premature, but stated that it would revisit the matter after the presentation of evidence at trial. Just before opening statements, Frydenlund moved to dismiss the latter two offenses because he was not arraigned on those charges. The court dismissed both offenses. Trial proceeded on the sole count of burglary.

¶3 The parties discussed jury instructions at the close of the second day of trial. Frydenlund again requested the lesser included offense instruction for criminal trespass. The State expressed concern that if the jury agreed with his primary defense that Frydenlund was incapable of forming the requisite mental state to commit burglary, he

2

likewise would not be able to form the mental state for criminal trespass. The court asked the State:

> [C]ould this Court not provide the jury with a verdict form [] that asks the jury if the Defendant . . . on the count[] of burglary is guilty, not guilty, or not guilty by reason of mental disease and defect? If the answer is guilty or not guilty by reason of [] mental disease or defect, then the jury's simply to stop. If it's a not guilty verdict, wouldn't they be able to proceed to . . . considering criminal trespass?

The State agreed with the court's assessment. The court then queried both parties:

> [T]he jury can stop because if it's . . . not guilty . . . by reason of mental disease or defect, then, obviously, [] you can't get the lesser included on that one. So, if it's just a straight not guilty, which could happen, [] then they – then the jury could consider the lesser – lesser included. Are we in agreement on that?

The defense and the State agreed with the court's proposed verdict form.

¶4      The court later discussed Frydenlund's proposed jury instruction on the lesser included offense, which read:

> The Defendant is charged with Burglary. Criminal Trespass is a lesser-included offense of Burglary. A lesser-included offense is one that is less serious than the charged offense. The Defendant cannot be convicted of more than one of these offenses.

> Therefore, after considering all of the evidence as it pertains to the charge, and the lesser included offense, you should first consider the verdict on the greater offense of Burglary. In the event you find the Defendant guilty of Burglary, you need go no further as you will have reached a verdict in this case.

> If you are unable after reasonable effort to reach a verdict on the greater offense, you may consider the lesser included offense of Criminal Trespass. You may find the Defendant guilty or not guilty of the lesser included offense of Criminal Trespass.

¶5      The prosecutor told the court that she thought the last paragraph of the jury instruction was "confusing" because the verdict form, as it read thus far, required the jury to "enter some verdict." The court agreed that this presented a "conundrum [] on the verdict form." Frydenlund's counsel asserted that his jury instruction comported with § 46-16-607, MCA, and read the following provision in subsection (3) of the statute to the court: "When a lesser included offense instruction is given, the court shall instruct the jury that it must reach a verdict on the crime charged before it may proceed to a lesser included offense." The court clarified the "conundrum":

> [A]s [the verdict form is] currently drafted, if [] they reach guilty on burglary, they're instructed to stop. If they reach not guilty by reason of mental disease or defect, they're instructed to stop. If they get to not guilty, then they can go on to [] the [] lesser included. . . . [A]s the instruction says, if you are unable to, after reasonable effort, to reach a verdict on the greater offense. The verdict form doesn't contemplate that . . . which is why I'm saying can we fix that last paragraph . . . to comport with both the statute and the verdict form . . . . Well, actually I'm inclined not to do that and just let the verdict form speak for itself because I don't want to confuse the jury.

¶6      Defense counsel responded that § 46-16-607(3), MCA, further states, "Upon request of the defendant at the settling of instructions, the court shall instruct the jury that it may consider the lesser included offense if it is unable after reasonable effort to reach a verdict on the greater offense." Frydenlund's counsel thus agreed to amend the verdict form. The court offered, "Well, I guess we could say, 'however, if you're unable, after reasonable effort, to reach one of the above 3 verdicts on count 1, you may . . . proceed to the next page.'" The defense agreed, adding "that alleviates that confusing third paragraph on the

4

jury instruction." The State stipulated to the addition on the verdict form and Frydenlund's proposed jury instruction regarding the lesser included offense.

¶7 The court confirmed that pursuant to the parties' discussion and § 46-16-607, MCA, it would amend the verdict form "at the end of page one [to] insert language that says, however, if you are unable, after reasonable effort, to reach a verdict on count 1, [] you may consider – you may move on to page 2 and consider the lesser offense of criminal trespass." The defense and the State agreed. Frydenlund's proposed instruction was read to the jury as Jury Instruction No. 34. The verdict form read as follows:

> To the charge of COUNT 1: BURGLARY, we find the Defendant:
>
> _____
> (Write on the above line "Guilty", "Not Guilty" or "Not Guilty By Reason Of Mental Disease Or Disorder")
>
> If you answered "Guilty" or "Not Guilty By Reason Of Mental Disease Or Disorder," **STOP.** If you answered, "Not Guilty," OR if you are unable after reasonable effort to reach a unanimous verdict on Count I, you may consider Count II on the next page.
>
> To the lesser included offense of **CRIMINAL TRESPASS TO PROPERTY**, we, the jury, find the Defendant, Samuel Frydenlund:
>
> _____
> (Write "Guilty", "Not Guilty", or Not Guilty by Reason of Mental Disease or Defect)

¶8 The jury returned a unanimous verdict finding Frydenlund not guilty of burglary and guilty of criminal trespass. At sentencing, Frydenlund asserted that because the jury found him not guilty of the greater offense of burglary, it should not have considered the lesser offense of criminal trespass. The court continued the sentencing hearing, ordering

5

the parties to brief the issue. Frydenlund moved to set aside the verdict, arguing that the verdict did not comport with § 46-16-607(3), MCA, and violated Frydenlund's right to be free from double jeopardy.

¶9 The District Court denied Frydenlund's motion. The court determined that "[i]t is not logically inconsistent to find a defendant not guilty of burglary but guilty of criminal trespass because criminal trespass requires proof of fewer elements than burglary." Frydenlund appeals.

## STANDARD OF REVIEW

¶10 Because Montana's criminal procedure statutes do not provide for motions to set aside the verdict, we have deemed such a motion as a motion for a new trial. *State v. Harris*, 1999 MT 115, ¶ 15, 294 Mont. 397, 983 P.2d 881 (citing *State v. Bell*, 277 Mont. 482, 485, 923 P.2d 524, 526 (1996)); *see also State v. Oschmann*, 2019 MT 33, ¶¶ 5-6, 394 Mont. 237, 434 P.3d 280. We review a district court's decision on a motion for a new trial to determine whether the court abused its discretion. *Harris*, ¶ 15 (citing *Bell*, 277 Mont. at 485, 923 P.2d at 526). We review a district court's conclusions of law de novo to determine whether the court's interpretation of the law is correct. *Harris*, ¶ 15 (citing *Bell*, 277 Mont. at 486, 923 P.2d at 526).

## DISCUSSION

¶11 Frydenlund asserts that the District Court abused its discretion because the verdict form did not reflect what the parties and court agreed upon during the settlement of jury instructions and contained language that was contradictory to Jury Instruction No. 34 and

the plain language of § 46-16-607(3), MCA, resulting in a violation of double jeopardy. The State claims, as a threshold matter, that Frydenlund waived his right to appeal by failing to object to the verdict form at trial.

¶12 This Court "may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment." Section 46-20-104(2), MCA. "Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2), MCA." Section 46-20-104(2), MCA.

¶13 The State contends that Frydenlund was provided with the final version of the verdict form before closing arguments. His failure to make any changes to the verdict form, according to the State, constitutes a waiver of this issue. To this contention, Frydenlund maintains that the parties "were not able to review the specific language of the verdict form before it was given to the jury." Although the parties were given a copy of the verdict form after it was first mentioned, it is not clear from the trial transcript whether the parties were given a copy of the final version of the verdict form.

¶14 The State asserts that, in any event, the District Court clearly stated what it intended to include on the verdict form. Frydenlund seems to contend that the District Court purported that it would substitute the phrase, "If you answered, 'Not Guilty,' OR . . . ," with "if you are unable after reasonable effort to reach a unanimous verdict on Count I, you may consider Count II on the next page." The record does not support Frydenlund's understanding of the discussion. Defense counsel agreed to the court's question, "If it's a not guilty verdict, wouldn't [the jury] be able to proceed

to . . . considering criminal trespass?" The District Court stated that it would "insert language [at the end of the first page of the verdict form] that says, however, if you are unable, after reasonable effort, to reach a verdict on count 1, [] you may . . . consider the lesser offense of criminal trespass." The verdict form used that exact language at the end of the first page and thus reflected what the District Court said it intended to do, to which no one objected. "We will not put a district court in error for an action in which the appealing party acquiesced or actively participated." *Harris*, ¶ 32 (citation omitted). The District Court gave Frydenlund ample opportunity to object to the verdict form. Frydenlund could have requested a copy of the final verdict form before it was given to the jury if he wanted to confirm his satisfaction with it.

¶15 Despite Frydenlund's failure to preserve this issue at the District Court, this Court may, as Frydenlund alternatively requests, review his claim under the doctrine of plain error. Under this doctrine, "this Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *State v. Taylor*, 2010 MT 94, ¶ 14, 356 Mont. 167, 231 P.3d 79 (quoting *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996) (*overruled, in part, on other grounds, State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817)). "Whether

8

multiple punishments have been imposed in violation of a defendant's fundamental right to be free from double jeopardy brings into question the fundamental fairness of the proceedings and the integrity of the judicial process." *State v. Brown*, 1999 MT 31, ¶ 12, 293 Mont. 268, 975 P.2d 321. *See also State v. Barrows*, 2018 MT 204, ¶ 18, 392 Mont. 358, 424 P.3d 612 ("Punishing [the defendant] for an unconstitutional conviction is by its nature a manifest miscarriage of justice, is fundamentally unfair and compromises the integrity of the judicial process."); *State v. Valenzuela*, 2021 MT 244, ¶ 12, 405 Mont. 409, 495 P.3d 1061 (where defendant asserted his convictions for sexual assault and incest implicated his right to be free from double jeopardy, "plain error review is appropriate to determine if his constitutional right against double jeopardy has, in fact, been violated"). Frydenlund "has asserted a claim that, if valid, would implicate a significant constitutional right." *Valenzuela*, ¶ 12. Notwithstanding his failure to preserve the claim, we therefore consider whether Frydenlund's fundamental constitutional right to be free from double jeopardy has been violated.

¶16 The Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution protect citizens from being placed twice in jeopardy for the same offense. U.S. Const. amend. V ("nor shall any person be subject for the same offense to be twice put in jeopardy . . . ."); Mont. Const. art. II, § 25 ("No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction."). Double jeopardy protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same

offense. *United States v. DiFrancesco*, 449 U.S. 117, 129, 101 S. Ct. 426, 433 (1980) (citation omitted).

¶17 Frydenlund argues that the verdict form did not comport with Montana law regarding conviction of a lesser included offense under § 46-16-607(3), MCA, and was contrary to Jury Instruction No. 34. These errors resulted in a violation of his right to be free from double jeopardy because, according to Frydenlund, he was prosecuted for the same offense after acquittal. Frydenlund asserts that his conviction violates his right to be free from double jeopardy under § 46-11-410(2)(a), MCA, which states, "A defendant may not [] be convicted of more than one offense if one offense is included in the other[.]"

¶18 We first consider whether the verdict form comported with the requirements of Montana law regarding conviction of a lesser included offense. Section 46-16-607(3), MCA, provides, "When a lesser included offense instruction is given, the court shall instruct the jury that it must reach a verdict on the crime charged before it may proceed to a lesser included offense. Upon request of the defendant at the settling of instructions, the court shall instruct the jury that it may consider the lesser included offense if it is unable after reasonable effort to reach a verdict on the greater offense."

¶19 Jury Instruction No. 34 stated, "If you are unable after reasonable effort to reach a verdict on the greater offense, you may consider the lesser included offense of Criminal Trespass." It was thus a correct but incomplete statement of § 46-16-607(3), MCA, as was acknowledged by the District Court during the settling of jury instructions. It did not, however, conflict with the verdict form.

10

¶20    The verdict form was a correct statement of the law as written in § 46-16-607(3), MCA.  The verdict form directed the jury first to consider the charged offense.  If it found Frydenlund guilty of burglary or not guilty by reason of mental disease or defect, it must stop there.  If the jury determined, however, that Frydenlund was not guilty of burglary or if it was unable after reasonable effort to reach a verdict on the charged offense, it could proceed to the lesser included offense of criminal trespass.

¶21    To support his double jeopardy claim, Frydenlund relies on *Demontiney v. Montana Twelfth Judicial District Court*, 2002 MT 161, 310 Mont. 406, 51 P.3d 476.  In *Demontiney*, we upheld our holding in *State v. Scarborough*, 2000 MT 301, 302 Mont. 350, 14 P.3d 1202, that the District Court erred when it instructed the jury to consider the charge of mitigated deliberate homicide after it concluded that the defendant was not guilty of deliberate homicide.  *Demontiney*, ¶¶ 15-16.  A person commits deliberate homicide when he or she "purposely or knowingly causes the death of another human being." Section 45-5-102(1)(a), MCA.  A person may, alternatively, be convicted of mitigated deliberate homicide when he or she "purposely or knowingly causes the death of another human being . . . but does so under the influence of extreme mental or emotional stress for which there is a reasonable explanation or excuse."  Section 45-5-103(1), MCA.  *See also Scarborough*, ¶ 48.  A finding that the defendant committed all the elements of deliberate homicide—"purposely or knowingly causes the death of another human being"—therefore

is a prerequisite to a conviction on the mitigated offense. *Demontiney*, ¶ 16 (citing *Scarborough*, ¶ 48). We reasoned that:

> there is no logical way the jury could *acquit* on deliberate homicide and then consider mitigated deliberate homicide. To do so would require finding, first, that the defendant *did not* "purposely or knowingly cause the death of another human being[]" and, second, that he *did so* but only under the influence of extreme mental or emotional stress.

*Demontiney*, ¶ 16 (quoting *Scarborough*, ¶ 49) (emphasis in original). We concluded that such a verdict "is not logically possible." *Demontiney*, ¶ 21.

¶22 The same is not true regarding burglary and criminal trespass. "A person commits the offense of burglary if the person knowingly enters or remains unlawfully in an occupied structure *and* the person has the purpose to commit an offense in the occupied structure; or the person knowingly or purposely commits any other offense within that structure." Section 45-6-204(1), MCA (emphasis added). A person commits the offense of criminal trespass to property, on the other hand, if the person knowingly "enters or remains unlawfully in an occupied structure; or enters or remains unlawfully in or upon the premises of another." Section 45-6-203(1), MCA. A person may enter or remain unlawfully on another's property without either intending or committing any other criminal offense while there. The District Court thus did not err when it determined that, unlike in *Demontiney*, it is "logically possible" to be acquitted of burglary and convicted of criminal trespass.

¶23 Frydenlund's reliance on *McElrath v. Georgia*, 601 U.S. 87, 144 S. Ct. 651 (2024), is similarly unavailing. In *McElrath*, the defendant was charged under Georgia law with

12

malice murder, felony murder, and aggravated assault. *McElrath*, 601 U.S. at 91, 144 S. Ct. at 657. He did not dispute at trial that he killed the victim but asserted an insanity defense. *McElrath*, 601 U.S. at 91, 144 S. Ct. at 657. The jury returned a verdict finding McElrath not guilty by reason of insanity on the malice murder charge and "guilty but mentally ill" on the felony murder and aggravated assault charges. *McElrath*, 601 U.S. at 91, 144 S. Ct. at 657. McElrath appealed to the Supreme Court of Georgia, which determined that the jury's "guilty but mentally ill" verdict for felony murder was "repugnant" to the jury's "not guilty by reason of insanity" verdict for malice murder under Georgia law because the verdicts "required affirmative findings of different mental states that could not exist at the same time . . . ." *McElrath*, 601 U.S. at 92, 144 S. Ct. at 657. The Georgia Court vacated both verdicts and authorized a retrial. *McElrath*, 601 U.S. at 92-93, 144 S. Ct. at 657-58. The United States Supreme Court, noting that Georgia law specifically provides that a defendant who establishes an insanity defense "shall not be found guilty of [the] crime," reversed the Georgia Court's conclusion that McElrath could be retried for malice murder. *McElrath*, 601 U.S. at 95, 98, 144 S. Ct. at 659, 661. It held that the "jury's verdict of not guilty by reason of insanity on the malice-murder charge was an acquittal for purposes of the Double Jeopardy Clause." *McElrath*, 601 U.S. at 98, 144 S. Ct. at 661.

¶24 Here, in contrast, the verdict form correctly instructed the jury that it could not consider the lesser included offense if it found Frydenlund not guilty of burglary by reason of mental disease or defect. Unlike the defendant in *McElrath*, the jury did not determine

that Frydenlund was not guilty by reason of mental disease or defect. Frydenlund was convicted of only one crime—criminal trespass. His double jeopardy rights were not violated. We conclude that the verdict form correctly stated the applicable law.

## CONCLUSION

¶25 The District Court correctly denied Frydenlund's motion to set aside the verdict. We affirm the judgment of conviction.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE